TAPPAN (OCEANIC STEAMSHIP CO. v.). See Case No. 10,405.

---

## Case No. 13,748.

### TAPPAN et al. v. SMITH et al.

[5 Biss. 73.] [1]

Circuit Court, D. Wisconsin. July Term, 1863.

PARTIES—ASSIGNMENT PENDENTE LITE—SUPPLEMENTAL BILL.

Where a complainant has assigned his interest in the subject-matter of the litigation pending the suit, his assignee cannot on a supplemental bill be substituted to his rights. He must file an original bill in the nature of a supplemental bill.

[Cited in Campbell v. New York, 35 Fed. 14.]
[Cited in Fulton v. Greacen, 44 N. J. Eq. 446, 449, 15 Atl. 828, 830.]

---

[2] [From 1 N. B. R. 316 (Quarto, 59).]
[1] [Reported by William P. Mason, Esq.]

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

In :equity.

MILLER, District Judge. The complainants bring this bill by way of supplement and revivor, against A. Hyatt Smith and others.

The bill shows that on or about the 19th day of June, 1858, the complainants, Henry C. Bowen, McNamee, Holmes, and Stone, exhibited their original bill against the same defendants, thereby stating such several matters and things as are therein for that purpose more particularly mentioned and set forth, and praying, etc. (giving the several prayers of said original bill); that process had issued against said defendants which was duly served; that testimony has been taken in said cause, and the same is ready for hearing; that on or about the 7th of December, 1861, the said complainants in said original bill made a general assignment to the said Lewis Tappan for the benefit of their creditors, and that the judgment ·or claim upon which said bill is filed is a part of the choses in .action, or .assets so assigned; and the said Lewis Tappan thereby and for the purpose ·of said assignment has become interested in the subject of said suit. And the bill further represents that said suit and proceedings have become defective by reason of said assignment; and complainants are advised that said Lewis Tappan as such assignee is entitled to be made a party complainant in said suit, and to have the said suit and proceedings revived against the said defendants, and to have the same benefit of the proceedings in said suit as if the same had been instituted by him as assignee as aforesaid, concluding with a prayer for this purpose, and for a subpœna etc.

To this bill the defendants filed a demurrer, showing for cause of demurrer that the or- ·iginal complainants, having voluntarily assigned their interest in the judgment mentioned in their bill, ·the complainants, Lewis Tappan and others. ·cannot revive and continue said suit commenced by the original bill, by supplemental bill or bill of revivor or both. but must file an original bill in the nature of a supplemental bill on notice and . leave of court.

This bill was filed under equity rule 57: "Whenever any suit in equity shall become defective, from any event happening after the filing of the bill (as, for example, by a change of interest in the parties) or for any other reason a supplemental bill, or a bill in the nature of a supplemental bill, may be necessary to be filed in the cause, leave to file the same may be granted by any judge of the court on any rule day upon proper cause shown and due notice to the other party. And if leave is granted to file such supplemental bill the defendant shall demur, plead or answer thereto," etc.

This rule does not specify the kind of bill to be filed in any given case, whereby the ·suit may become defective. The intention of the rule is ·to allow a judge on any rule day to grant leave to file the bill; and then to direct the manner of pleading to it. It leaves the kind of bill to be filed to be prepared by the pleader according to the circumstances of the case; and requires the defendant to demur, plead or answer thereto.

By rule 90, "in all cases where the rules prescribed by this court, or by the circuit court, do not apply, the practice of the circuit court should be regulated by the present practice of the high court of chancery in England, so far as the same may reasonably be applied, consistently with the local circumstances and local convenience of the district where the court is held, not as positive rules, but as furnishing just analogies to regulate the practice."

The only case I can find in the reports of the supreme court of .the United States, bearing on this subject, is Greenleaf v. Queen, 1 Pet. [26 U. S.] 138. The trustee in a deed of trust for the sale of real estate and payment of debts of the grantor was a party defendant. During the pendency of the suit the trustee died, and a new trustee was appointed by the court. The court hold that the original suit, which abated by the death of the trustee. became also defective by the termination of his powers and the appointment of a new trustee, and could only be prosecuted against him by way of a supplemental bill, in the nature of a bill of revivor. This decision is in conformity with the chancery practice in England. The reason is that by the death of the party suing or sued in autre droit, there is no change of interest, upon the appointment of a successor, and the suit may be revived by supplemental bill. Mitf. Eq. Pl. 64 (Lord Redesdale).

·Where a sole plaintiff, suing in his own right, assigns his whole interest to another. the plaintiff being no longer able to prosecute for want of interest, and his assignee' claiming by a title which may be litigated, the benefit of the proceedings·cannot be obtained by a supplemental bill. but must be brought by an original bill in the nature of a supplemental bill. Mitf. Eq. Pl. 65. In 2 Daniell, Ch. Pl. & Prac. 1518. the same position .is quoted from Lord Redesdale, and the reason for the distinction between a supplemental bill and a bill in the nature of a supplemental bill is there given. In the first case the original suit may proceed after the supplemental bill has been filed. in the same manner as if the original plaintiff .had continued such, except that the defendant must answer the supplemental bill. and either admit or issue the title of the new plaintiff; but in the case of an original bill in the nature of a supplemental bill, the whole case is open.

The same principle is copied by Judge Story in his Equity Pleadings (sections 348, 349).

I have carefully·examined all the cases referred to at the argument; and although there are rulings by vice-chancellors and chancellors that might cast some doubt on

the propriety of this rule, and induce the court to disregard it under the belief that, in the case here presented, the requirement of a bill in the nature of a supplemental bill is more technical than wise, and is unnecessarily burdensome ·to parties, yet this court, being subordinate to the supreme court of the United States, is obliged to follow the rules adopted by them. That court follows with great particularity the rules of practice as given by Daniell in his volumes of Practice. The bill sets forth an absolute assignment of the judgment by the sole plaintiffs suing in their own right to Tappan, as assets for the payment of debts, and that thereby the title is vested in the assignee.

I feel obliged by the rules to sustain the demurrer and to dismiss the bill. It should have been an original bill in the nature of a supplemental bill.

As to the character of an original in the nature of a supplemental bill, and when properly brought, consult 2 Barb. Ch. Prac. p. 84, note 1; and Butler v. Cunningham, 1 Barb. 85. .