Fulton *v.* Greacen.,

ELISHA M. FULTON

*v.*

STANLEY GREACEN et al.

1. A complainant, suing in his own right, and alone, cannot, after he has-
parted with his whole interest in the subject-matter of the litigation, further
prosecute the action.

2. Where a defendant files a plea which goes to the whole equity of the bill,
and a motion is afterwards made in the cause which confesses the truth of the-
plea, the court may deal with the cause as though an order had been made-
allowing the plea.

3. The allowance of a plea, which either constitutes a full defence to the-
complainant's whole case, or deprives him of all power to further prosecute
his action, will, if he holds an injunction, entitle the defendant to its dissolu-
tion, but a motion for that purpose must be made.

4. The difference between an original bill in the nature of a bill of revivor,
and an original bill in the nature of a supplemental bill, is this : Under an
original bill in the nature of a bill of revivor, the defendant is absolutely bound
by the former proceedings in the cause, but under an original bill in the nature
of a supplemental bill, he has a right to avail himself of any new equity or

defence which has arisen since the original bill was filed, or which he may have a right to urge against the new party coming into the litigation, but which did not exist against the original complainant.

5. Where a sole complainant, suing in his own right, transfers his whole interest in the subject-matter of the litigation, the complainant, being no longer able to prosecute the suit for want of interest, and his assignee claiming by a title which may be litigated, the benefit of the former proceedings cannot be obtained by a mere supplemental bill, but must be sought by an original bill in the nature of a supplemental bill.

On motion for leave to file an original bill in the nature of a bill of revivor, and also on motion to dissolve an injunction.

*Mr. Edward A. Day* and *Mr. John W. Taylor*, for complainant.

*Mr. Robert H. McCarter* and *Mr. Thomas N. McCarter*, for defendants.

VAN FLEET, V. C.

The facts giving rise to the controversy in this case, are stated with sufficient fullness in *Fulton* v. *Greacen, 9 Stew. Eq. 216,* to show the nature and extent of the dispute between the parties. For present purposes, it is sufficient to say, that the suit was originally brought by Elisha M. Fulton against John Greacen, junior, to prevent Greacen from diverting water from a paper mill which Fulton owned, and which water Fulton claimed a right to use to operate his mill. The water in question was supplied by the Morris Canal Company, and was carried from the canal to Fulton's mill by a raceway, on Greacen's land. Greacen, by his answer, denied Fulton's right to the water, and admitted that he intended to deprive him of the use of it. The court, after hearing the parties, granted an injunction prohibiting the diversion of the water. Subsequently, and after the cause had been partially heard, the complainant was given leave to file an amended bill, for the purpose of bringing in another person, as a party complainant, who, it appeared by the complainant's proofs, had such an interest in the subject-matter of the suit as to make him a necessary party. Afterwards, the complainant also obtained

leave to file a supplemental bill, for the purpose of laying before the court the fact that a deed, executed by one of the complainant's predecessors in title to a person under whom the complainant did not and could not claim, and the existence of which the defendant, by his answer, had made one of his grounds of defence, had been adjudged, by the decree of this court, to be a nullity, and without legal force or effect. Both bills were filed pursuant to the leave given. Subsequently, the defendant, John Greacen, junior, died testate, and since then his executors and devisees have been substituted, by order of the court, as defendants in his place. To the amended and supplemental bills the new defendants have interposed a plea, alleging that, since the last two bills were filed, the complainant conveyed all the land to which the water in controversy is claimed to be appurtenant, as well as his right to the water itself, to the Essex Paper Company. With the pleadings in this condition, no reply of any kind having been made to the plea, an application is made on behalf of the Essex Paper Company for leave to file, what is called in the notice of the application, "a bill in the nature of a supplemental bill and bill of revivor." The defendants, on receiving notice of the application just mentioned, gave notice at once of a motion to dissolve the injunction granted to Mr. Fulton.

The application for leave to file a bill on behalf of the Essex Paper Company, must, I think, be regarded as a confession of the truth of the main fact stated in the plea, for, except it be taken as true, that the Essex Paper Company has succeeded to the rights which the original complainant sought to have vindicated and protected by this suit, it has no right to intervene, and there is nothing on which its application can stand. The situation of affairs is this: the defendants, by an appropriate pleading, deny the right of the original complainant to longer maintain this action, because, they say, he is no longer the owner of the rights which this suit was brought to protect, having conveyed them to the Essex Paper Company; thereupon, the original complainant saying nothing to the defendants' plea, the Essex Paper Company asks, by the same counsel representing the original complainant, to be permitted to file a pleading which

·will enable it to supplant the original complainant in the litiga-
·tion, and to continue the litigation, in its own name, against the
defendants.    In view of these facts, it would seem to be unde-
niable that the application of the Essex Paper Company must
be regarded as a full confession of the truth of the defendants'
plea.    This being so, it is clear that the original complainant
must be dealt with as having, by his own act, deprived himself
of all right or power to further maintain this action.    The prin-
ciple is elementary, that a complainant, suing in his own right,
·and alone, cannot, after he has parted with his whole interest in
the subject-matter of the litigation, further prosecute the action.
*Story's Eq. Pl.* § *348; 2 Dan. Ch. Pr. 1518; Mills* v. *Hoag, 7
Paige 18; Sedgwick* v. *Cleveland, 7 Paige 287; Mason* v. *York
& Cumberland R. R. Co., 52 Me. 82; Tappan* v. *Smith, 5
Biss. 73.*

The truth·of the plea being confessed, the case stands, so far
·as the rights of the parties are concerned, substantially as though
·an order had been made allowing the plea.    If mere matter of
procedure or form be put aside, that is the precise present posi-
tion of the case.    The original complainant, having deprived
himself of the power to further prosecute his action, and the
·truth of the defendants' plea, setting up that fact, being con-
fessed, the court should regard the plea as allowed.    The rule
seems to be settled that the allowance of a plea, which either
constitutes a full ·defence to the complainant's whole case, or
deprives him of all power to further prosecute his action, will,
if he holds an injunction, entitle the defendant to its dissolution.
The allowance of the plea will not, *ipso facto,* dissolve the injunc-
·tion, but a dissolution will generally be granted, as of course,
on motion.    *Philips* v. *Langhorn, 1 Dick. 148; Mason* v. *Mur-
ray, 2 Dick. 536; Ferrand* v. *Hamer, 4 Myl. & C. 143; Eldred*
v. *Camp, Harr. (Mich.) 162; 1 Dan. Ch. Pr. 698; 1 Barb.
·Ch. Pr. 121; 2 High on Inj.* § *1505.*

But suppose the injunction in this case should be retained, it is
·not possible for me to see how its retention would benefit the Essex
Paper Company.    It was granted originally to protect rights
·which were claimed by Elisha M. Fulton against a threatened

invasion of them by John Graecen, junior. It commanded Graecen, his workmen, servants and agents not to invade the rights claimed by Fulton. But Fulton no longer holds the rights in question, and consequently needs no protection. Both parties in interest have changed since the injunction was granted. So far as appears, since the Essex Paper Company has claimed to own the rights in question, no invasion of them has been committed or threatened. No injunction has, as yet, been granted to the Essex Paper Company, and nothing has been done by the present defendants, so far as appears, which would justify the allowance of an injunction against them. Until the court has commanded the present defendants not to invade the rights claimed by the Essex Paper Company, nothing that they may do, which may be alleged to be an invasion of them, can, I suppose, be treated by the court as a contempt of its authority.

The injunction must be dissolved.

The defendants do not deny that the Essex Paper Company may continue the litigation initiated by Mr. Fulton, but they deny its right to file a bill of the kind which it asks leave to file. The notice under which the application of the paper company is made, describes the pleading which it is desired to have leave to file, as "a bill in the nature of a supplemental bill and bill of revivor," but I suppose the pleading meant is what is called in books of pleading and practice, "an original bill in the nature of a bill of revivor." The defendants deny the right of the paper company to file an original bill in the nature of a bill of revivor, but concede that it may be proper to give the paper company leave to file an original bill in the nature of a supplemental bill.

The difference between an original bill in the nature of a bill of revivor and an original bill in the nature of a supplemental bill, is defined by Lord Redesdale as follows : There seems to be this difference between an original bill in the nature of a bill of revivor and an original bill in the nature of a supplemental bill : Upon the first, the benefit of the former proceedings is absolutely obtained, so that the pleadings in the first cause, and the depositions of witnesses, if any have been taken, may be used in the

same manner as if filed or taken in the second cause, and if any decree has been made in the first cause, the same decree shall be made in the second. But in the other a new defence may be made ; the pleadings and depositions cannot be used in the same manner as if taken or filed in the same cause ; and the decree, if any has been obtained, is in no otherwise of advantage than as it may be an inducement to the court to make a similar decree." *Mitf. Eq. Pl. 68 ; Story's Eq. Pl. § 349 note 2.* It will be observed that Lord Redesdale does not say that, under an original bill in the nature of a supplemental bill, the pleadings and depositions filed and taken in the original cause cannot be used in the second cause at all, but simply that they cannot be used in the same manner as they may under an original bill in the nature of a bill of revivor. Lord Eldon, in *Lloyd* v. *Johnes, 9 Ves. 37,* stated it as his opinion, that the only real distinction which exists between the rights or positions of the parties under the two different forms of pleadings is, that the defendant, under an original bill in the nature of a supplemental bill, is just as much bound by the former proceedings as under an original bill in the nature of a bill of revivor, except as to any new equity or defence which may have arisen since the original bill was filed, or which he may have a right to urge against the new party coming into the litigation, but which did not exist against the original complainant. Making this addition to the formula given by Lord Redesdale, it will be perceived that the rule on this subject is made entirely plain, easy of application, and eminently just in its operation.

Adopting this as the true ground of distinction between the two forms of pleading, it seems to me to be quite manifest, that the new party coming into this litigation should be required to adopt that form of pleading which will leave open to the defendants any defence which may have arisen since this suit was commenced, or which they may have a right to urge against the new party, although it did not exist against the old. In no other way can the rights of the present litigants be fairly determined, or full and complete justice done. Besides, that is the course which the precedents, as I understand them, direct shall be pur-

Fulton *v.* Greacen.

sued. Where a sole plaintiff, suing in his own right, transfers his whole interest in the subject of the litigation to another, the plaintiff being no longer able to prosecute the suit for want of interest, and his assignee claiming by a title which may be litigated, the benefit of the former proceedings cannot be obtained by a mere supplemental bill, but must be sought by an original bill in the nature of a supplemental bill. *Story's Eq. Pl.* § *348;* *2 Dan. Ch. Pr. 1518; Mills* v. *Hoag, 7 Paige 18; Mason* v. *York & Cumberland R. R. Co., 52 Me. 82. Tappan* v. *Smith, 5 Biss. 73,* presents an example of the practical application of this rule. There Henry C. Bowen filed an original bill against Hyatt Smith to enforce the payment of a judgment. The defendant was brought into court, and the suit prosecuted regularly up nearly to the time of hearing, when Bowen made a general assignment to Tappan for the benefit of his creditors. The assignment passed, of course, the judgment on which Bowen's suit was founded. Tappan, after the assignment to him, attempted to obtain the benefit of the former proceedings in the cause, by filing an original bill in the nature of a bill of revivor. The defendant demurred and the demurrer was sustained, and Tappan's bill dismissed, on the ground that the only pleading which Tappan could file in such a case was an original bill in the nature of a supplemental bill.

The application of the Essex Paper Company must be denied. It may, however, if it desires, take an order giving it leave to file an original bill in the nature of a supplemental bill.

As the defendants have prevailed on both motions, they are entitled to costs.