COLUMBIA VALLEY R. CO. v. PORTLAND & S. RY. CO.

(Circuit Court of Appeals, Ninth Circuit. ' May 4, 1908.)

No. 1,500.

1. COURTS—JURISDICTION OF FEDERAL COURT—FEDERAL QUESTION.

A bill by a railroad company, alleging that it acquired a right of way for its road over government lands under Act March 3, 1875, c. 152, 18 Stat. 482 (U. S. Comp. St. 1901, p. 1568), and is proceeding to construct its road thereon, but did not complete the same within the time limited by the act, and that defendant, claiming that its rights have thereby been forfeited, has taken possession of a portion of such right of way, presents a question of the construction of the statute as supplemented by Act June 26, 1906, c. 3550, 34 Stat. 482 (U. S. Comp. St. Supp. 1907, p. 553), which gives a federal court jurisdiction of the suit regardless of the citizenship of the parties.

[Ed. Note.—Federal jurisdiction in cases involving federal questions, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore-Purch Co. v. Boston & M. C. C. & S. Min. Co., 35 C. C. A. 7.]

2. RAILROADS—RIGHT OF WAY OVER PUBLIC LANDS—FORFEITURE.

Act June 26, 1906, c. 3550, 34 Stat. 482 (U. S. Comp. St. Supp. 1907, p. 553), provides that every grant of right of way over public lands theretofore made to a railroad company under Act March 3, 1875, c. 152, 18 Stat. 482 (U. S. Comp. St. 1901, p. 1568), "where such railroad has not been constructed and the period of five years next following the location of said road, or any section thereof, has now expired shall be and hereby is declared forfeited to the United States to the extent of any portion of such located line now remaining unconstructed and the United States hereby resumes the full title to the lands covered thereby freed or discharged from such easement," subject to an exception where construction of the road was progressing in good faith at the time of the approval of the act. *Held*, that such act was a legislative adjudication of forfeiture, which became effective at once, without judicial proceedings, as to all lands within its terms.

3. SAME.

The fact that at the time such act was passed a suit brought by a railroad company against a third party to determine its rights in such a right of way was pending could not change the effect of the act on the lands involved of which the court was bound to take judicial cognizance.

4. EQUITY—PLEADING—AMENDED BILL.

An amended bill, unlike an amendment to the original bill, speaks from the time it was filed, and not from the filing of the original bill.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, § 567.]

Appeal from the Circuit Court of the United States for the Northern Division of the Western District of Washington.

The appeal in this case is taken from a decree of the Circuit Court dismissing the appellant's bill. On February 2, 1906, the appellant filed its bill, alleging: That it was a railroad corporation organized under the laws of the state of Washington; that it claimed a right of way over certain public lands of the United States under the provisions of the act of Congress approved March 3, 1875 (Act March 3, 1875, c. 152, 18 Stat. 482 [U. S. Comp. St. 1901, p. 1568]), entitled "An act granting to railroads the right of way over public lands of the United States"; that it had in all things complied with the requirements of said act, and had made its survey and maps of the proposed railroad with the approval of the Secretary of the Interior, whereby it acquired a right of way to construct a railroad 200 feet in width over certain designated government subdivisions of the public lands of the United States; and that in the year 1905, the appellee, without the consent of the appellant,

entered upon certain of said premises, and under a pretense of ownership undertook to construct thereon a railroad. The prayer of the bill was that the appellee be enjoined from occupying the premises and from constructing its railroad thereon. To this bill a demurrer was sustained for want of jurisdiction. Thereupon an amended bill of complaint was filed adding to the averments of the original bill certain allegations as to the title under which the appellee claimed the right to enter upon the premises, and the defense which the appellee would make to said amended bill, alleging that, in determining the respective rights of the said parties and their priorities, it would be necessary to construe certain acts of Congress and the act of March 3, 1875. On a demurrer to the amended bill, it was held that a case was presented involving a federal question, but the demurrer was sustained on the ground that the appellant had an adequate remedy at law. A second amended bill was filed containing certain additional allegations, the purpose of which was to show that the appellant had ground for equitable relief in the premises. The appellant alleged that it had actually begun the construction of its railroad in good faith and was in the actual possession of its right of way over lot 1, section 35, lots 1 and 2, section 33, and lots 2 and 3, in section 32, all in township 3 north of range 9 east of the Willamette Meridian, and lot 4, section 35, township 3 north of range 8 east of the Willamette Meridian. The bill then proceeded to allege the wrongful entry by the appellee upon a part of the right of way so described on public lands of the United States, with full knowledge of the location of the appellant's railroad, as surveyed and marked thereon, and that the appellee is engaged in excavating the ground thereon and making fills, cuts, and embankments, with the intention to construct and operate a line of railroad in such a way as to substantially and effectually impede the construction of the appellant's proposed road. A demurrer was interposed to the second amended bill on the ground that it did not appear therefrom that there was jurisdiction in the Circuit Court, and for want of equity, and for the reason that it was in the nature of a supplemental bill of complaint to the original bill filed herein. The demurrer was sustained, and the bill was dismissed.

W. W. Cotton and Ralph E. Moody, for appellant.

Charles H. Carey and James B. Kerr, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). This is a suit between two rival railroad companies, both created under the laws of the state of Washington. The jurisdiction of the Circuit Court over the controversy depends upon the question whether there is involved the construction of an act of Congress. The appellee contends that the only suggestion of such a question discoverable in the second amended bill is the allegation therein contained as to the nature of the defense which it was expected the appellee would interpose, citing Shoshone Mining Co. v. Rutter, 177 U. S. 505, 20 Sup. Ct. 726, 44 L. Ed. 864; Boston, etc., Mining Co. v. Montana, etc., Co., 188 U. S. 632, 23 Sup. Ct. 434, 47 L. Ed. 626; Blackburn v. Portland, etc., Co., 175 U. S. 571, 20 Sup. Ct. 222, 44 L. Ed. 276; Joy v. St. Louis, 201 U. S. 332, 26 Sup. Ct. 478, 50 L. Ed. 776. But we think there is sufficient set forth to show that the determination of the appellant's own rights in the premises necessarily involves the construction of Act Cong. March 3, 1875, c. 152, 18 Stat. 482 (U. S. Comp. St. 1901, p. 1568). The appellant specifies at length the acts which it had performed in compliance with that statute, and shows that it relies thereon for its priority in right to the appellee to possess and occupy the right of way and construct its road thereon. It is

sufficient to confer jurisdiction upon the Circuit Court if the party plaintiff sets up a right to which he is entitled under a specific act of Congress which he alleges the party defendant denies him. If the appellant in this case had alleged the location and completion of its road under the act of March 3, 1875, within the time limited therein, the addition of mere allegations of the invasion of its right of way by the appellant would not have shown that the construction of the act was involved. But here it appears from the allegations of the bill that the appellant is in the act of building a road under the provisions of the act, that the road has not been completed within the time limited thereby, that nevertheless the appellant is proceeding in good faith to construct the same under the authority so given, and that its right so to do is denied by the appellee on the ground that all rights acquired by the appellant have been forfeited. This is not a case therefore where a federal question is presented only by way of anticipating the defendant's defense. It is a case in which it appears from the bill that the complainant's own right to the possession of the disputed premises depends upon the construction of an act of Congress. It devolved upon the appellant to show by what right it claimed the roadway. It could not allege a patent or grant, for it had none. It could only set forth the facts upon which it relied. Accordingly, it alleged the act of Congress and its own acts of compliance therewith, and in the very stating of the facts it tendered a question of law, a question of the construction of the act of March 3, 1875, and Act June 26, 1906, c. 3550, 34 Stat. 482 (U. S. Comp. St. Supp. 1907, p. 553), upon which depended its right to the possession of its surveyed and platted right of way. The demurrer itself challenged the right of the appellant to relief, on the ground that noncompliance with the law and forfeiture were shown upon the face of the bill, and the whole argument presented in this court upon the demurrer, aside from the jurisdictional question, is confined to the discussion of the question of the forfeiture of the appellant's rights. Said the court, in Wilcox v. M'Connell, 13 Pet. (U. S.) 516, 10 L. Ed. 264:

"Whenever the question in any court, state or federal, is whether a title to land which had once been the property of the United States has passed, that question must be resolved by the laws of the United States."

In Starin v. New York, 115 U. S. 248, 257, 6 Sup. Ct. 28, 31, 29 L. Ed. 388, the court said:

"The character of a case is determined by the questions involved. Osborn v. Bank of United States, 9 Wheat. 738–824, 6 L. Ed. 204. If from the questions it appears that some title, right, privilege, or immunity on which the recovery depends will be defeated by one construction of the Constitution or a law of the United States, or sustained by the opposite construction, the case will be one arising under the Constitution or laws of the United States."

See, also, Cook v. Avery, 147 U. S. 384, 13 Sup. Ct. 340, 37 L. Ed. 209; Swafford v. Templeton, 185 U. S. 487, 22 Sup. Ct. 783, 46 L. Ed. 1005; Spokane Falls, etc., Railway Co. v. Ziegler, 167 U. S. 65, 17 Sup. Ct. 728, 42 L. Ed. 79; McCune v. Essig, 199 U. S. 382, 26 Sup. Ct. 78, 50 L. Ed. 237.

In approaching the question whether the appellant stated in the second amended bill a case for equitable relief, it is necessary, first,

to consider the effect of the act of June 26, 1906, entitled "An act to declare and enforce the forfeiture provided by section 4 of the act of Congress approved March 3, 1875." 34 Stat. 482. The act of March 3, 1875, had provided that, if any section of a road located under its provisions should not be completed within five years after location, "the rights herein granted shall be forfeited as to any such uncompleted section of said road." The act of June 26, 1906, provided as follows:

"That each and every grant of right of way and station grounds heretofore made to any railroad corporation under the act of Congress approved March third, eighteen hundred and seventy-five, entitled 'An act granting to railroads the right of way through the public lands of the United States,' where such railroad has not been constructed and the period of five years next following the location of said road, or any section thereof, has now expired, shall be, and hereby is, declared forfeited to, the United States, to the extent of any portion of such located line now remaining unconstructed, and the United States hereby resumes the full title to the lands covered thereby freed discharged from such easement, and the forfeiture hereby declared shall, without need of further assurance or conveyance, inure to the benefit of any owner or owners of land heretofore conveyed by the United States subject to any such grant of right of way or station grounds: Provided, that in any case under this act where construction of the railroad is progressing in good faith at the date of the approval of this act the forfeiture declared in this act shall not take effect as to such line of railroad."

The question arises whether this act operated ipso facto to forfeit the right of the appellant to any section of its located road not completed within five years from the date of the location. The appellant denies that it has that effect, and contends that, in addition to the act, there must be a judicial ascertainment of forfeiture by a procedure in the nature of an inquest of office, citing Fairfax v. Hunter, 7 Cranch, 603, 3 L. Ed. 453, Smith v. Maryland, 6 Cranch, 286, 6 L. Ed. 225, and United States v. Repentigny, 5 Wall. 211, 18 L. Ed. 626, and argues that, while an act of Congress declaring forfeiture unconditionally may be sufficient where no facts are to be ascertained, the forfeiture here, under the act of June 26, 1906, which is to be enforced only where the road has not been constructed within the five years following the location, or where the construction of the railroad was not progressing in good faith at the date of the approval of the act, leaves two important questions to be decided before the forfeiture is to take effect. But these questions so suggested are questions of fact of the nature of those which are to be determined in any case where the inquiry is whether particular rights under a grant have beeen forfeited under the provisions of a forfeiture act. The act itself takes the place of the adjudication of forfeiture and of the inquest of office. It is the "legislative assertion of ownership of the property for breach of condition." It is itself the entry of the grantor for condition broken.

The provisions of the act of forfeiture involved in the case differ in no essential feature from those which were construed in United States v. Tennessee & Coosa R., 176 U. S. 242, 20 Sup. Ct. 370, 44 L. Ed. 452, and Farnsworth v. Minn. & Pac. R. R. Co., 92 U. S. 49, 23 L. Ed. 530, cited below. In Schulenburg v. Harriman, 21 Wall. 44, the court, in discussing the manner in which the reserved right of a

grantor might be asserted for breach of a condition subsequent, said that, if the grant were a private grant, the right must be asserted by entry or its equivalent; but that, if it were a public grant, it must be asserted by judicial proceedings authorized by law, the equivalent of an inquest of office at the common law, finding the fact of forfeiture and adjudging the restoration of the estate, "or there must.be some legislative assertion of ownership of the property for breach of condition, such as an act directing the possession and appropriation of the property or that it be offered for sale or settlement."

In Farnsworth et al. v. Minn. & Pac. R. R. Co., 92 U. S. 49–66, 23 L. Ed. 530, the court, after discussing the mode of ascertainment and determination of forfeiture by judicial proceedings, and its advantages in the prevention of consequent litigation, said:

"But that mode is not essential to the divestiture of the interest where the grant is for the accomplishment of an object in which the public is concerned, and is made by a law which expressly provides for the forfeiture where that object is not accomplished. Where land and franchises are thus held, any public assertion by legislative act of the ownership of the state, after default of the grantee—such as an act resuming control of them, and appropriating them to particular uses, or granting them to others to carry out the original object—will be equally effectual and operative."

In United States v. Northern Pacific Railroad Company, 177 U. S. 435, 20 Sup. Ct. 706, 44 L. Ed. 836, the court held that the failure to complete the railroad within the time limited in a congressional grant of a right of way over the public lands was a condition subsequent not operating as a revocation of the grant, "but as authorizing the government itself to take advantage of it and forfeit the grant by judicial proceedings or by an act of Congress resuming title to the land."

In a similar case (Atlantic & Pacific Railroad v. Mingus, 165 U. S. 413–433, 17 Sup. Ct. 348, 41 L. Ed. 770), the court approved the language above quoted from the opinion in Farnsworth v. Minn. & Pac. R. R. Co., and applied it to the forfeiting act of July 6, 1886 (24 Stat. 123, c. 637), which declared all lands adjacent to and coterminous with the uncompleted portions of the main line of the road to be "forfeited and restored to the public domain."

The appellant cites the case of United States v. Tennessee & Coosa Railroad, 176 U. S. 242, 20 Sup. Ct. 370, 44 L. Ed. 452; but, as we understand it, the decision is directly against the appellant's contention. The court in that case considered Act Sept. 29, 1890, c. 1040, 26 Stat. 496 (U. S. Comp. St. 1901, p. 1598), which provided that:

"There is hereby forfeited to the United States, and the United States hereby assumes the title thereto, all lands hereinbefore granted to any state or to any corporation to aid in the construction of a railroad opposite to and coterminuous with the portion of any such railroad not now completed and in operation, for the construction and benefit of which such lands were granted and all such lands are declared to be a part of the public domain."

And it held that it did not affect lands opposite a completed road, and that such lands were not thereby forfeited or resumed, but the purport of the decision was that lands opposite uncompleted portions of the road were forfeited.

But the appellant contends that the act of June 26, 1906, is not to be considered on the demurrer to the second amended bill, for the reason

that the suit was commenced some months prior to its enactment, and cites McCool v. Smith, 1 Black, 459, 17 L. Ed. 218, a case in which the court recognized the common-law rule that a party can recover in ejectment only upon a title which subsisted in him at the time of the commencement of the action. But that is a rule which has no application to the question here presented. It does not follow that, because a plaintiff may not recover upon a title which he acquired after he commenced the action, recovery shall not be defeated by a termination of the title pending the suit. At common law the termination of the interest of the plaintiff in the subject-matter of the action abated it. 1 Chitty, Pl. 25; Elliot v. Teal, 5 Sawy. 249, Fed. Cas. No. 4,396. And the same is true of a suit in equity. Tappan v. Smith, 5 Biss. 73, Fed. Cas. No. 13,748; 2 Daniell, Ch. Pr. § 1518. If the act operated to forfeit the appellant's right of way, it cut off all its right to equitable relief as against the appellee. The efficacy of the act to accomplish that result is in no way impaired by the fact that the suit had been commenced before it took effect. The appellant could save none of its rights to its located roadway by the mere act of suing the appellee before forfeiture was declared. The effect of the forfeiting act is the same as would be an allegation in a supplemental bill setting forth the fact that since the commencement of the suit the appellant had forfeited its title to the subject-matter of the controversy. The court below in ruling upon the demurrer could not disregard the act. It was a law then in force, and had the effect to terminate all rights acquired by the appellant, unless it appeared from the allegation of the bill that the appellant had brought itself within the saving clause therein contained.

The forfeiture act excepts from its operation all cases in which, at the date of its approval, the construction of a railroad is progressing in good faith. The appellant contends that in the second amended bill there are two averments which show that its road is within the terms of this proviso. These averments are, first, the allegation, in paragraph 12, that at all time since its incorporation the appellant "has been and now is actively engaged in prosecuting the said enterprise." But this is clearly insufficient. The appellant may have been actively engaged in prosecuting the enterprise, and at the same time it may have done no act of construction of a railroad.

The other averment is in paragraph 13. It is that the appellant "is now, and has been for some time prior hereto, actually and actively engaged in the building and construction of a grade for its railroad therefor and thereon, and is now expending, and has heretofore expended, large sums of money in and for said construction and has completed the grade upon some portion thereof." The question is: At what time does this averment speak? The original bill had been filed on February 2, 1906. The second amended bill was filed on September 17, 1906. In neither the original bill nor the amended bill was there any allegation of any act done in the direction of the actual construction of a railroad. It first appears in the second amended bill that the appellant "is now, and for some time prior hereto" has been, engaged, etc. The appellant invokes the general rule that amendments germane to the bill relate back to the time when the bill was

filed, and are considered as incorporated into and a part of the original bill. That rule is well established by the authorities. Gaylord v. Ft. W., M. & C. R. R. Co., 6 Biss. 286, Fed. Cas. No. 5,284; Carey v. Hillhouse, 5 Ga. 251; Hurd & Sewall v. Everett, 1 Paige, Ch. (N. Y.) 124; 16 Cyc. 350. The theory of chancery practice is that the original bill always remains in force and effect except as to portions thereof which are struck out by amendment, and that amendments averring additional facts may be filed and added thereto as to matters which occurred before the filing of the original bill; but that, when so filed, the amendments relate back to the time of filing the original bill and are incorporated therein, and that all matters occurring subsequent to the filing of the original bill affecting the complainant's right to relief must be presented by a supplemental bill. But in the present case, the appellant did not file amendments to its original bill. Its second amended bill is a new bill setting forth all the facts on which the appellant's alleged right to relief depends. The paragraph which contains the matter on which the appellant now relies begins by alleging that the appellant "was at the time of the institution of this suit, and is now, in the actual possession of its right of way," etc. This is the appellant's own designation of the time at which the amendments speak. It shows that the "now" referred to was the date of the filing of the second amended bill, and the same construction must be given to the immediately succeeding allegation that the appellant "is now" actively engaged in the building of a road. The allegation that "for some time prior hereto" it had been engaged in such construction may mean a day, or it may mean a week, before the filing of the bill. It cannot be construed as referring the time of the commencement of the work back to the commencement of the suit or back to the date of the forfeiting act. The justifiable inference is that the reason why the pleading was thus guardedly expressed in the present tense was that the appellant could not truthfully allege that the construction was begun before the date of the forfeiting act. This new matter so alleged in the second amended bill might have been struck out on motion of the appellee; but remaining, as it does, in the bill, and tested by a demurrer, it is insufficient to show that any portion of the road was excepted from the operation of the act declaring a forfeiture.

The decree of the Circuit Court is affirmed.

NOTE.—The following is the memorandum decision of Hanford, District Judge, on application for injunction and on demurrer to amended bill of complaint, filed September 5, 1906.

HANFORD, District Judge. This cause has been argued and submitted upon the complainant's application for a preliminary injunction and upon a demurrer to the amended bill of complaint, which alleges as the sole ground of demurrer that this court has not jurisdiction of the subject-matter of the suit. The parties are both corporations of the state of Washington, both proposing to build a railroad on the north side of the Columbia river, and the complainant claims title to a right of way crossing public land of the United States, acquired by compliance with the act of Congress granting to railroads the right of way through public lands, approved March 3, 1875 (18 Stat. 482, c. 152 [U. S. Comp. St. 1901, p. 1568]). The fourth section of the act provides that in case of nonuser for a period of five years the right of way granted shall be forfeited, and the bill shows affirmatively that the complainant has not commenced the construction of its proposed railroad, and that the proceed-

ings by which it claims to have acquired the right of way were completed more than five years before the date of the commencement of this suit. The bill also avers that the defendant has wrongfully entered upon said right of way, and with teams and laborers is actively engaged in constructing the bed for a railroad; that the defendant disputes the complainant's claim of title, and asserts an adverse and superior claim to the same right of way; and by specific averments shows that there is a controversy, the adjudication of which necessarily requires an interpretation of the act of Congress above cited, and especially the five-year limitation clause, and refers to other United States statutes which may affect the decision of the case.

I am convinced that the amended bill sets forth a controversy involving questions of federal law, and that this court would have jurisdiction of the case if grounds for equitable relief existed. Viewed in the light most favorable to complainant, the prayer of the bill is unrighteous; that is to say, it is contrary to natural justice for the complainant to hold all of the right of way, 200 feet wide, which it has not earned, and be permitted to obstruct another railroad company having the ability and will to render the public service which is the consideration for the grant. Manifestly the purpose of the grant was to facilitate the building of railroads, and the provisions of the third section of the act plainly show a legislative intention to guard against the possibility of the grant being perverted so as to create a monopoly.

There is a different reason, however, for holding that the suit is not cognizable in a United States Circuit Court, viz.: (a) The suit is in equity. (b) The principles of equity, and section 723, Rev. St. U. S. (U. S. Comp. St. 1901, p. 583), positively prohibit the maintenance of suits in equity where a plain, adequate, and complete remedy may be had at law. (c) The object of the suit is to protect a dry, legal title to real estate by a party out of possession, which title is disputed, and an adverse claim of title is asserted by the defendant in possession, so that the complainant has a plain, adequate, and complete remedy at law in the form of an action to recover possession, which is maintainable at law, and the recognized appropriate form of proceeding to obtain an adjudication of a controversy with respect to the legal title to real estate.

The complainant is not in court asking protection in the actual prosecution of the building of a railroad upon a right of way of which it has taken actual possession. On the contrary, it appears affirmatively by the complainant's pleadings that construction has not been commenced, and that the defendant is in possession of the right of way. These facts differentiate the case from Denner & R. G. R. Co. v. Alling, 99 U. S. 463, 25 L. Ed. 438. Only a dry, legal title is claimed, and that title is disputed by the defendant, it claiming the same property by a title adverse to the complainant; and there is another suit pending, brought by defendant, to secure an adjudication of the adverse claims of the respective parties, and it is not pretended that irremediable mischief, going to the destruction of the substance of the estate, is being done. Hence there is no ground for an injunction, which is the principal relief prayed for. Erhardt v. Boaro, 113 U. S. 537, 5 Sup. Ct. 565, 28 L. Ed. 1116. The defendant being in possession, if the complainant has the legal title, as it claims, an action of ejectment, in which the parties would have a right to a jury trial, is the proper form of procedure, and affords an adequate and complete remedy. Whitehead v. Shattuck, 138 U. S. 146, 11 Sup. Ct. 276, 34 L. Ed. 873; M., K. & T. Ry. Co. v. Roberts, 152 U. S. 114, 14 Sup. Ct. 496, 38 L. Ed. 377; New Mexico v. U. S. Trust Co., 172 U. S. 171, 19 Sup. Ct. 128, 43 L. Ed. 407.

I can conceive of a case in which an injunction might be properly issued to restrain a competitor from vexatiously interfering in proceedings to acquire a right of way for a projected railroad, and I concede that controversies involving only equitable or inchoate rights of rival companies with respect to right of way franchises may be cognizable in equity. An instance which I have in mind is the case of Sioux City & D. M. Ry. Co. v. Chicago, M. & St. P. Ry. Co. (C. C.) 27 Fed. 770. In the statement of that case Judge Shiras said: "There is but one controversy in the cause, and that is: Which company has the prior, and therefore better, right to the occupancy of the premises in dispute, for the purposes of constructing and operating its line of railway?" And I agree fully with that part of the opinion of the learned judge, in which he said: "It is certainly equitable that a company, which in good faith surveys

and locates a line of railroad and pays the expense thereof, should have a prior claim for the right of way for at least a reasonable length of time. The company does not perfect its right to the use of the land, as against the owner thereof, until it has paid the damages; but, as against a railroad company, it may have a prior right and better equity."

When only equitable rights constitute the subject of a lawsuit, the parties have recourse only to a court of equity, and courts of equity are established for the express purpose of adjudicating such rights. The case last cited has a resemblance to the case at bar in this: that the matter in dispute was the right of way for a projected line of railway; but the two cases are in contrast, because in this case the complainant has invoked the jurisdiction of a court of equity, as I have before stated, to protect a dry, legal title to real estate, when it was unnecessary to appeal to a court of equity, there being no obstacle in the way of obtaining adequate relief, and substantially the same relief, by an action in a court of law. In deciding the question submitted, the court cannot assume that there are equitable rights to be adjusted, but is bound, in rendering a decision, to treat the averments of the bill of complaint with respect to the complainant's title and the defendant's possession as true.

The amended bill suggests that it is necessary to sue in equity to avoid a multiplicity of suits; but the facts pleaded do not support that conclusion. The agents and servants of the defendant engaged in constructing its railroad would not be necessary parties to an action at law to recover possession. By reason of privity, a judgment against the defendant would be as conclusive upon them as a decree in this case in which they are not parties. 2 Ballinger's Ann. Codes & St. § 5518 (Pierce's Code, § 1154). All of the right of way situated within this judicial district is a unit, and there need be but one action to secure a complete adjudication of the whole controversy between the parties to this case. If detached sections of the right of way should be deemed subjects of separate causes of action, cognizable in different counties, still only one action would be necessary, because the Code of Civil Procedure of this state provides that an action may be prosecuted in the county in which the subject, or some part thereof, is situated, and that several distinct causes of action may be joined in one complaint. 2 Ballinger's Ann. Codes & St. §§ 4852–4942; Stevens v. Ferry (C. C.) 48 Fed. 7.

The complainant's application for an injunction is denied, and the demurrer to the amended bill of complaint is sustained.