## BERNIER v. BERNIER.

ERROR TO THE SUPREME COURT OF THE STATE OF MICHIGAN.

No. 102. Argued January 3, 4, 1893. — Decided January 16, 1893.

When a person makes a homestead entry of a tract of public land, and enters into occupation of it with his family, and dies a widower, and without acquiring a patent, the right to complete the proofs and acquire the patent passes, under Rev. Stat. § 2291, to all his children equally, as well those who are adults as those who are infants; and not, under Rev. Stat. § 2292, to such children only as are minors at the time of his death, to the exclusion of those who had then attained their majority.

Section 2292 of the Revised Statutes was only intended to give to infant children the benefit of the homestead entry and to relieve them, because of their infancy, from the necessity of proving the conditions required when there are only adults, or adults and minors, mentioned in § 2291, and to allow a sale of the land within a prescribed period for their benefit.

THIS was a suit in equity to determine the respective rights of the adult and minor heirs of Edward Bernier, at the time of his death, to certain real property in Michigan, held by him under a homestead entry, and to compel the conveyance from the minor heirs, and the defendant who has acquired an interest from one of them, of an undivided half of the premises, to the complainants. It arose out of the following facts:

On the 24th of May, 1875, Edward Bernier made a homestead entry on the lands in controversy under the provisions of the homestead law of the United States. At the time he was a widower, his wife having died in April, 1872. He occupied the premises as a homestead until his death, June 17, 1876. He left ten children surviving him, five of whom were, at the time, over twenty-one years of age, and they are the complainants in this case, and five were, at the time, under twenty-one years of age, and they, with one John H. Goff, who acquired, in 1885, by a quitclaim deed the interest of one of them, are the defendants. One of the defendants and minor heirs, Joseph Bernier, before suit, conveyed his interest to his sister and co-

defendant, and filed a disclaimer. She, representing both his and her own share, was willing to divide the property on the basis claimed by the complainants, and has permitted a decree to pass against her by default. In October, 1876, some months after the death of Edward Bernier, Samuel F. Bernier, one of the adult heirs, on behalf of all the ten heirs, made the required proof for commuting the homestead entry, paid the minimum price for the land, and received a certificate entitling him to a patent therefor. This certificate was never cancelled, nor was any proceeding taken for its cancellation; nor was any notice given of a contest respecting it; nor was any irregularity in its issue alleged. The only proof of occupation and improvement was made by Samuel F. Bernier, and the only sums paid for the land were advanced by him, on behalf of all the heirs. But notwithstanding these facts, some time in April, 1877, a second certificate was issued to the minor heirs of Edward Bernier, which was made upon the commutation proofs presented by Samuel F. Bernier, as above stated, and on the 25th of the same month a patent was issued to them. The bill alleged that this was issued to them by mistake, that it should have been issued to the heirs of Edward Bernier, and that it was issued to the minors without the knowledge, consent or procurement of the complainants, and in violation of their legal and equitable rights in the premises, and that by its terms the title in fee simple of the premises was in them, but it claimed that they held the same subject to the rights of the complainants therein.

The bill further alleged that all the steps to change the filing on the lands from a preëmption claim to a homestead entry, and in commuting the homestead entry and securing a patent for the lands, were taken through an attorney at law, who was acting for the said Edward Bernier's heirs; that when he received the patent he supposed the same ran to those heirs, and, without examining it or discovering his mistake, he placed the same on record, and the mistake was only recently discovered; that for many years previous to such discovery all the heirs, including the minors, treated the lands as their joint property, but that since the discovery of the mistake, and only since, the

minor heirs pretended to claim that they were the sole and
only heirs, and that the complainants had no interest, right or
title in the lands, which claim and pretence the complainants
charged were a fraud upon their rights, and worked a manifest
wrong and injury to them; hence the institution of this suit.

The Circuit Court in Michigan which heard the case decided
in favor of the complainants, and adjudged that the defend-
ants execute, acknowledge and deliver to them a sufficient
deed or deeds to convey and vest in each one an undivided
tenth part of the lands and premises. On appeal, the Supreme
Court of the State reversed the decree and ordered the bill to
be dismissed. From the latter decree the case was brought by
writ of error to this court.

*Mr. John C. Donnelly* for plaintiffs in error.

*Mr. John H. Goff* for defendants in error.

Mr. Justice Field, after stating the case, delivered the opin-
ion of the court.

It would seem that the patent to the minor heirs was issued
without the knowledge or consent of any of the heirs; and
that their attention was first brought to it when the defendant
Goff obtained the interest of one of the defendants in 1886.
The property was always treated as a part of the estate of
Edward Bernier, deceased. It was assessed as such from his
death until 1885, and George E. Bernier, one of the heirs, took
charge of the whole estate, including the land in controversy,
paid taxes thereon, and took care of the minors. He remained
in possession of the premises in controversy until this suit was
brought. All the parties, of course, claim through a common
source, and the question for decision is whether all the heirs
of the deceased took this land jointly and are equally entitled
to it, or whether the whole of the land went to the minor heirs
of the deceased. And this question depends for its solution
upon the construction given to the provisions of the Homestead
Act, contained in sections 2291 and 2292 of the Revised Stat-

utes of the United States, which embody the provisions of the act of Congress, on that subject, of May 20, 1862, and of subsequent acts which have any bearing upon the question. After providing for the entry of lands, which under other provisions of law might be afterwards commuted into a homestead, section 2291 declares that "no certificate, however, shall be given, or patent issued therefor, until the expiration of five years from the date of such entry; and if at the expiration of such time, or at any time within two years thereafter, the person making such entry; or if he be dead, his widow; or in case of her death, his heirs or devisee; or in case of a widow making such entry, her heirs or devisee, in case of her death, proves by two credible witnesses that he, she or they have resided upon or cultivated the same for the term of five years immediately succeeding the time of filing the affidavit, and makes affidavit that no part of such land has been alienated, except as provided in section 2288, and that he, she or they will bear true allegiance to the government of the United States; then, in such case, he, she or they, if at that time citizens of the United States, shall be entitled to a patent, as in other cases provided by law." Section 2292 provides that "in case of the death of both father and mother, leaving an infant child or children under twenty-one years of age, the right and fee shall enure to the benefit of such infant child or children; and the executor, administrator or guardian may, at any time within two years after the death of the surviving parent, and in accordance with the laws of the State in which such children, for the time being, have their domicil, sell the land for the benefit of such infants, but for no other purpose; and the purchaser shall acquire the absolute title by the purchase, and be entitled to a patent from the United States on the payment of the office fees and sum of money above specified."

The contention of the complainants is that under section 2291 the whole premises which the deceased, Edward Bernier, died claiming as his homestead, upon the completion of the proofs required, passed equally to the ten children, as his heirs. On the other hand, it is insisted by the defendants that, under

section 2292, when the father and mother both died, the fee of the land enured to the minor children to the exclusion of those who had attained their majority, and that they alone were entitled to the certificate and patent.

We are of opinion that the construction claimed by the complainants is the true one. Section 2291 provides that the certificate and patent, in case of the death of father and mother, shall, upon the proofs required being made, be issued to the heirs of the deceased party making the entry, a provision which embraces children that are minors as well as adults. Section 2292, in providing only for minor heirs, must be construed not as repealing the provisions of section 2291, but as in harmony with them, and as only intended to give the fee of the land to the minor children exclusively when there are no other heirs. This construction will give effect to both sections; and it is a general rule, without exception, in construing statutes, that effect must be given to all their provisions if such a construction is consistent with the general purposes of the act and the provisions are not necessarily conflicting. All acts of the legislature should be so construed, if practicable, that one section will not defeat or destroy another, but explain and support it. When a provision admits of more than one construction, that one will be adopted which best serves to carry out the purposes of the act. The object of the sections in question was, as well observed by counsel, to provide the method of completing the homestead claim and obtaining a patent therefor, and not to establish a line of descent or rules of distribution of the deceased entryman's estate. They point out the conditions on which the homestead claim may be perfected and a patent obtained; and these conditions differ with the different positions in which the family of the deceased entryman is left upon his death. If there are adults as well as minor heirs, the conditions under which such claim will be perfected and patent issued are different from the conditions required where there are only minor heirs and both parents are deceased. In the one case the proof is to extend to that of residence upon the property, or its cultivation for the term of five years, and show that no part of the land has been alien-

ated except in the instances specified, and the applicant's citizenship and loyalty to the government of the United States; but in the other case, where there are no adult heirs and only minor heirs, and both parents are deceased, the requirements exacted in the first case are omitted, and a sale of the land within two years after the death of the surviving parent is authorized for the benefit of the infants. The fact of their being infant children and the death of their parents is all that is required to establish their right and title to the premises and to a patent.

Section 2292 was, in our judgment, only intended to give to infant children the benefit of the homestead entry and to relieve them, because of their infancy, from the necessity of proving the conditions required when there are only adults, or adults and minors, mentioned in the previous section, and to allow a sale of the land within a prescribed period for their benefit.

We are of opinion, therefore, that the right to the premises in controversy, covered by the homestead entry, vested in all the heirs of Edward Bernier at his death, the adult as well as the minor heirs, and that the subsequent patent issued to the latter should have been issued to them all jointly, or a separate patent should have been issued for an undivided tenth to each heir. The minor heirs holding under the patent issued, and the defendant Goff, who received a quitclaim for an interest from one of them should, therefore, be required to execute proper conveyances to the complainants, so as to transfer to them an undivided half-interest in the whole, or to each complainant an undivided tenth interest in such lands. This is in conformity with the well-settled law that where a patent for land is issued by mistake, inadvertence, or other cause, to parties not entitled to it, they will be declared trustees of the true owner, and decreed to convey the title to him. *Stark* v. *Starrs*, 6 Wall. 402, 419.

*The decree of the Supreme Court of Michigan must, therefore, be reversed, and the cause remanded to that court for further proceedings not inconsistent with this opinion.*