## McCUNE *v.* ESSIG.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 61. Submitted November 9, 1905.—Decided November 29, 1905.

The interest which arises in an entryman by his entry, who can fulfil the conditions of settlement and proof in case of his death, and to whom the title passes depend upon the laws of the United States; and a suit brought by an heir, claiming under the law of a State, against the grantee of the widow who perfected title and obtained the patent involves the construction of sections 2291 and 2292, Rev. Stat., and other statutes relating to homesteads, and can be removed on that ground from the state court to the Circuit Court of the United States.

Under sections 2291 and 2292, Rev. Stat., the widow of the entryman is

first entitled to complete the entry and obtain a patent, and a state law is not competent to change this provision and give the children of the entryman an interest paramount to that of the widow.

THE facts are stated in the opinion.

*Mr. W. E. Cullen* for appellant:

If this court has jurisdiction of this case, then it must determine all cases where the United States was the grantor, and a controversy arises as to beneficial interests.

It has not been the policy of this court to determine questions involving the beneficial or equitable title to real estate, although the title had been acquired from the United States. *Blackburn* v. *Portland Gold Mining Co.*, 175 U. S. 571.

As to the laws of Washington making this land community property, see §§ 4488–4491, 4621 Ballinger's Code; *Forker* v. *Henry*, 21 Washington, 235, 240; *Ahern* v. *Ahern*, 31 Washington, 334.

Beyond doubt, the widow took the legal title under and by virtue of the patent. The patent operated as a release to the widow of all the interest of the United States in the land. Whether she took the beneficial interest as well as the legal title depends upon the effect to be given the acts of the legislature of the State, and not upon the acts of Congress. *Romie* v. *Casanova,* 91 U. S. 379; *McStay* v. *Friedman*, 92 U. S. 723; *Hoadley* v. *San Francisco*, 94 U. S. 4; *Blue Bird Mining Co.* v. *Largey*, 49 Fed. Rep. 289; *Shoshone Mining Co.* v. *Rutter*, 177 U. S. 505.

This is not inconsistent with the proposition that after the title so passed and vested it became subject to the community and other property laws of the State.

After any part of the public domain has been entered, and notice has been properly filed, the land so entered becomes segregated from the public domain, and the settler has a vested right therein against everybody, and the Government as well, and when the patent for such land is issued it relates back and takes effect as of the time of such entry.  1 Supp. Rev. Stat.

282; *Shepley* v. *Cowan*, 91 U. S. 330, 337; *Sturr* v. *Beck*, 133 U. S. 541, 550; *Nor. Pac. Ry. Co.* v. *McCormick*, 89 Fed. Rep. 659; *Witherspoon* v. *Duncan*, 4 Wall. 210, 218; *Bardon* v. *No. Pac. R. Co.*, 145 U. S. 535; *Hastings & Dak. R. R. Co.* v. *Whitney*, 132 U. S. 357; *United States* v. *Turner*, 54 Fed. Rep. 228; *Burlington &c. P. Co.* v. *Johnson*, 16 Pac. Rep. 125.

The laws, the construction of which appellees claim are involved in this case, simply provide the manner in which a patent may be obtained. In *Bernier* v. *Bernier*, 147 U. S. 242, and *Hutchinson Co.* v. *Caldwell*, 152 U. S. 65, there was no question of state statutes.

Under the doctrine of relation, a patent for a preëmption takes effect from the time of settlement. Section 3 of the act of May 14, 1880, 21 Stat. 140, provides that patent for homesteads shall relate back to the settlement the same as in preëmption. Cases *supra* and *Gibson* v. *Choteau*, 13 Wall. 92.

If the decision of the Circuit Court of Appeals is correct there can be no such thing as community property in land acquired by patent and the patentee can convey without the wife, or husband, as the case may be, joining in the conveyance as required by the laws of the State of Washington.

If this court has jurisdiction it will be bound by the rule laid down in the state court, as determinative of the rule in the State, that when title is initiated during the community and perfected after dissolution the property is community. *Lowndes* v. *Huntington*, 153 U. S. 1; *United States* v. *Fox*, 94 U. S. 315; *Arndt* v. *Griggs*, 134 U. S. 321; *Investment Co.* v. *Caldwell*, 152 U. S. 65. *Hall* v. *Russell*, 101 U. S. 503 does not apply to this case.

*Mr. George Turner*, *Mr. F. H. Graves* and *Mr. W. G. Graves* for appellees:

Prior to patent, or, at least, prior to a full compliance with the conditions which entitle him to a patent, the settler has no more than a right of possession and a right to be preferred in

the purchase of the lands. As against the United States, the owner of the lands, he acquires no vested right until he has fully complied with the requirements of the act, and Congress may at any time vest title in another. *Shiver* v. *United States*, 159 U. S. 491; *Campbell* v. *Wade*, 132 U. S. 34; *Wagstaff* v. *Collins*, 97 Fed. Rep. 3; *Frisbie* v. *Whitney*, 9 Wall. 187; *Shepley* v. *Cowan*, 91 U. S. 330; *Gonzales* v. *French*, 164 U. S. 338, 345.

No doubt this right is, in a sense, a property right. But it is held at the will of Congress; it may be forfeited for noncompliance with existing laws, or taken away by changes in those laws. It therefore becomes subject to state regulation only in so far as Congress permits. *Anderson* v. *Carkins*, 135 U. S. 483; *Hall* v. *Russell*, 101 U. S. 503, 513, 514.

Section 2291, Rev. Stat. is not a statute providing for the descent of property. Where a settler upon the public lands dies prior to completing the necessary period of residence, those who succeed to his right acquire it not by descent from him, but as direct donees from the United States. *Hall* v. *Russell*, 101 U. S. 503; *Maynard* v. *Hill*, 125 U. S. 190, 215; *Cutting* v. *Cutting*, 6 Fed. Rep. 259; *Stubblefield* v. *Manzies*, 11 Fed. Rep. 270; *United States* v. *Tichenor*, 12 Fed. Rep. 421; *Hershberger* v. *Blewett*, 55 Fed. Rep. 177; *Cooper* v. *Wilder*, 111 California, 195; *Wittenbrock* v. *Wheaton*, 60 Pac. Rep. 664.

The right of a settler is a personal one and those designated by Congress to succeed to the right take as original grantees and not through him, and therefore the right is not amenable to the laws of the State where the land is situated when the settler dies. Cases cited *supra;* *Towner* v. *Rodegeb*, 33 Washington, 153; *Rogers* v. *Clemans*, 26 Kansas, 552; *Dawson* v. *Mayall*, 45 Minnesota, 408; *Cooper* v. *Wilder*, 111 California, 195; *Gjerstadegen* v. *Van Duzen*, 7 N. Dak. 612; *Chapman* v. *Price*, 32 Kansas, 446.

The doctrine of relation has no application in this case. *McCune* v. *Essig*, 118 Fed. Rep. 273, following *Gibson* v. *Chouteau, supra,* which held that doctrine to be merely a fiction to

prevent injustice to persons standing in privity and having equitable interests which do not exist in this case. As to the state law, see *Bolton* v. *Water Power Co.*, 10 Washington, 246.

This court has no jurisdiction. *Anderson* v. *Carkins*, 135 U. S. 483; *Bernier* v. *Bernier*, 147 U. S. 242; *Investment Co.* v. *Caldwell*, 152 U. S. 65.

MR. JUSTICE McKENNA delivered the opinion of the court.

Suit in equity to establish title in appellant to an undivided one-half of northwest quarter of section 6, township 25 north, range 30 east, Washington meridian 2, and for accounting of rents and profits and for partition between appellant and appellees.

It was originally brought in the Superior Court in and for Lincoln County in the State of Washington. A demurrer was filed to the amended complaint and a petition to remove the suit to the Circuit Court for the District of Washington, Eastern Division, on the ground that the suit involved the construction of sections 2291 and 2292 of the Revised Statutes of the United States, and of all statutes of the United States relating to homesteads. The suit was removed. In the Circuit Court a motion was made to remand, which was denied. The demurrer was sustained, and appellant, electing to stand upon her bill, it was decreed that she had no right, title or interest in the land. 118 Fed. Rep. 273. The decree was affirmed by the Circuit Court of Appeals. 122 Fed. Rep. 588.

The facts as exhibited by the bill of complaint are that appellant is the daughter of William McCune, deceased, and his wife, Sarah McCune, now Sarah Donahue, and the stepdaughter of Daniel Donahue, who appears as her guardian *ad litem*. William McCune and his wife Sarah settled on the land in controversy, it being a part of the public domain and subject to settlement under the homestead laws. On the fourth of April, 1884, McCune filed a claim to the land as a homestead in the proper land district. In the same year he died intestate,

leaving surviving as his only heirs appellant and his wife Sarah. They continued to reside on the land until December 17, 1889, upon which day the mother of appellant made the required proof of full compliance with the homestead laws, and on the sixth of March, 1891, a patent was issued to her. In the year 1892 she, having become Mrs. Donahue, sold and conveyed the land to appellees, who went into possession of it and have been in possession of it ever since. The value of the land is sixty-four hundred dollars. The patent recites:

"Whereas there has been deposited in the General Land Office of the United States a certificate of the register of the land office at Spokane Falls, Washington, it appears that pursuant to the act of Congress approved May 20, 1862, 'to secure homesteads to actual settlers on the public domain, and the acts supplemental thereto, the claim of Sarah Donahue, formerly the widow of William McCune, deceased, has been established and duly consummated, in conformity to law, for the south half of the northeast quarter and the lots numbered one and two of section six, in township twenty-five north of range thirty-eight of Willamette meridian in Washington, containing one hundred and sixty-three and eighty-four hundredths of an acre, according to the official plat of the survey of the said land, returned to the General Land Office by the surveyor general:

"Now know ye, that there is, therefore, granted by the United States unto the said Sarah Donahue the tract of land above described, to have and to hold the said tract of land, with the appurtenances thereof, unto the said Sarah Donahue and to her heirs and assigns forever."

The action of the lower courts on the motion to remand and on the merits are attacked by appellant to a certain extent on the same ground, to wit, that the laws of Washington determine the title of the parties, not the laws of the United States. The interest in McCune, acquired by his entry, it is contended, was community property, and passed to appellant under the laws of the State. Sections 4488, 4489, 4490 and

4491 of the statutes of Washington provide that property and pecuniary rights owned by either husband or wife before marriage, or that acquired afterwards by gifts, bequests, devise or descent, shall be separate property. Property not so acquired or owned shall be community property, and, in the absence of testamentary disposition by a deceased husband or wife, shall descend equally to the legitimate issue of his or their bodies. 1 Ballinger's Codes. Relying on these provisions the argument of appellant is, and we give it in the words of her counsel:

"When William McCune entered this land he had not the legal title, but he had an immediate equitable interest and the exclusive right of possession until forfeited by failure to carry out the terms of his entry. *United States* v. *Turner*, 54 Fed. Rep. 228.

"The terms of his entry were carried out. The patent issued by reason of his entry. The state legislature had the right to direct to whom that equitable right and interest should pass. If the rights and interests under that entry had been forfeited, the state law would have no effect upon the title to the land. That equitable interest ripened, and was confirmed by the patent."

But this is begging the question. What interest arose in McCune by his entry, who could upon his death fulfil the conditions of settlement and proof, and to whom and for whom title would pass, depended upon the laws of the United States. *Bernier* v. *Bernier*, 147 U. S. 242. The motion to remand was rightly overruled. On the merits we think the ruling of the lower courts was also right. *Hutchinson Investment Co.* v. *Caldwell*, 152 U. S. 65. *Hoadley* v. *San Francisco*, 94 U. S. 4, and other cases relied on by appellant, are not in point.

Chapter five, Title XXXII, of the Revised Statutes provides who may enter public lands as a homestead and the conditions to be observed as to entry and settlement. By sections 2291 and 2292 it is provided as follows:

"SEC. 2291. No certificate, however, shall be given, or patent

issued therefor, until the expiration of five years from the date of such entry; and if at the expiration of such time, or at any time within two years thereafter, the person making such entry; or if he be dead, his widow; or in case of her death, his heirs or devisee; or in case of a widow making such entry, her heirs or devisee, in case of her death, proves by two credible witnesses that he, she, or they have resided upon or cultivated the same for the term of five years immediately succeeding the time of filing the affidavit, and makes affidavit that no part of such land had been alienated, except as provided in section twenty-two hundred and eighty-eight, and that he, she, or they will bear true allegiance to the Government of the United States; then, in such case, he, she, or they, if at that time citizens of the United States, shall be entitled to a patent as in other cases provided by law. . . .

"SEC. 2292. . . . In case of the death of both father and mother, leaving an infant child or children under twenty-one years of age, the right and fee shall inure to the benefit of such infant child or children. . . ."

It requires an exercise of ingenuity to establish uncertainty in these provisions. They say who shall enter and what he shall do to complete title to the right thus acquired. He may reside upon and cultivate the land, and by doing so is entitled to a patent. If he die his widow is given the right of residence and cultivation, and "shall be entitled to a patent as in other cases." He can make no devolution of the land against her. The statute which gives him a right gives her a right. She is as much a beneficiary of the statute as he. The words of the statute are clear, and express who in turn shall be its beneficiaries. The contention of appellant reverses the order of the statute and gives the children an interest paramount to that of the widow through the laws of the State.

The law of the State is not competent to do this. As was observed by Circuit Judge Gilbert: "The law of the State of Washington governs the descent of land lying within the State, but the question here is whether there had been any

descent of land." And, against application of the state law, the learned judge cited *Wilcox* v. *Jackson,* 13 Pet. 498, 517, and *Bernier* v. *Bernier, supra.* In the former it was said that whenever the question is whether title to land which had been the property of the United States has passed, that question must be resolved by the laws of the United States, but that whenever, according to those laws, the title shall have passed, then, like all other property in the State, it is subject to state legislation. In *Bernier* v. *Bernier* it was said that the object of sections 2291 and 2292 was "to provide the method of completing the homestead claim and obtaining a patent therefor, and not to establish a line of descent or rules of distribution of the deceased entryman's estate." See *Hall* v. *Russell,* 101 U. S. 503. And hence it was decided that Mrs. Donahue took the title free from any interest or right in the appellant under the laws of the State.

Against the effect of the patent conveying title to Mrs. Donahue, appellant invokes the doctrine of relation. It is admitted "that the title to the real estate in the case at bar passed and vested according to the laws of the United States by patent." But, it is contended, that a beneficial interest having been created by the state law in McCune when the title passed out of the United States by the patent, it "instantly dropped back in time to the inception or initiation of the equitable right of William McCune, and that the laws of the State intercepted and prevented the widow from having a complete title without first complying with the probate laws of the State." This, however, is but another way of asserting the law of the State against the law of the United States, and imposing a limitation upon the title of the widow which section 2291 of the Revised Statutes does not impose. It may be that appellant's contention has support in some expressions in the state decisions. If, however, they may be construed as going to the extent contended for, we are unable to accept them as controlling.

*Decree affirmed.*