[No. 5782.   Decided December 27, 1905.]

ANNA M. HALL, *Respondent*, v. ESTELLA B. HALL *et al.*, *Appellants*.[1]

COURTS—FEDERAL QUESTION—RULE OF DECISION. The rights of husband and wife under the state laws to lands acquired from the United States before final proof, raises a Federal question upon which the decisions of the United States courts control.

PUBLIC LANDS—HOMESTEAD—HUSBAND AND WIFE—DIVORCE—COMMUNITY PROPERTY. A divorced wife acquires no interest in a homestead, patent for which is subsequently issued to the husband, where at the time of the divorce the husband had only the right of occupancy and a preference right to make entry upon the extension of the public surveys; since the Federal law controls as to the title obtained by a patent and the community property laws of the state are not recognized.

[1] Reported in 83 Pac. 108.

Appeal from a judgment of the superior court for Stevens county, Richardson, J., entered November 22, 1904, in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action by a widow to recover an interest in lands patented to her divorced husband.   Reversed.

*Binkley, Taylor & McLaren* and *Voorhees & Voorhees (Charles Francis Voorhees,* of counsel), for appellants.

*J. C. Marshall* and *S. & J. W. Douglas,* for respondent.

RUDKIN, J.—Prior to the year 1898 the lands in controversy in this case were unsurveyed public lands of the United States.   In the month of June of that year, the surveyor's plat was filed in the district land office, and on the 30th day of August, 1898, the lands were thrown open for settlement.   On the latter date John F. Hall, now deceased, entered said lands under the homestead laws of the United States, and made final proof on the 8th day of August, 1899, after completing his five years' residence thereon, as required by said homestead laws.   Patent issued on the 9th day of February, 1900.   At all times between the 24th day of March, 1889, and the 4th day of March, 1896, said John F. Hall and the plaintiff Anna M. Hall were husband and wife.   On the latter date the plaintiff was granted a divorce from said John F. Hall, in the superior court of Spokane county, but no disposition was made of the property rights of the parties in the divorce proceeding.   On the 30th day of August, 1899, the said John F. Hall and the defendant, Estella B. Hall, intermarried, and continued to live together as husband and wife until the death of the former, on the 5th day of February, 1903.   On the 10th day of January, 1903, said John F. Hall conveyed all his interest in said property by deed to the defendant Estella B. Hall. In view of the conclusion we have reached on the merits, it becomes unnecessary to refer to the claims of the other defendants.

The plaintiff brought this action, and asked that she be declared the owner of an undivided one-half interest in the property so acquired. The theory of the plaintiff's case was that said property was the community property of herself and her former husband, John F. Hall, and that by the decree of divorce they became tenants in common thereof. The plaintiff had judgment below, according to the prayer of her complaint, and the defendants appeal.

The only interest the decedent had in the property in controversy, at the time of the divorce, was the right of occupancy, coupled with a preference right to enter the land and acquire title thereto after the same was surveyed and thrown open for settlement. Before he could acquire such title, the land must be surveyed and thrown open to settlement, he must continue his residence until that time, and thereafter comply with the requirements of the homestead laws. How far state laws regulating the property rights of husband and wife attach to land acquired from the United States before patent, or at least before final proof, gives rise to an important Federal question which can only be authoritatively settled by the supreme court of the United States. In the recent case of *McCune v. Essig,* not yet reported,[1] that court held that the patent which issues to the widow upon the death of the homestead entryman carries with it the full legal and equitable title, to the exclusion of the entryman's children; in other words, that the Federal law controls. True, the homestead law provides that the patent shall issue to the widow in such cases; but it seems inconsistent to hold that the widow acquires the entire title on the death of the entryman, and that the entryman only acquires an undivided one-half interest on the death of the wife, under identical circumstances.

The manifest object of our community property system is to place husband and wife on an equal footing as to their

1See, 199 U. S. 382, 26 Sup. Ct. 78. REP.

property rights, and perhaps the law should be so administered as to accord to each the same property rights on the death of the other.    Furthermore, it is a well-known fact that our community system is utterly ignored in the administration of the Federal land laws.    The wife is not made a party to a contest against an entry, and the husband is permitted to relinquish without the wife joining him.    In *Ahern v. Ahern,* 31 Wash. 334, 71 Pac. 1023, this court held that, where the wife of the entryman died after the homestead law had been fully complied with, but before final proof, her children were entitled to a one-half interest in the homestead claim, as community property.    In *James v. James,* 35 Wash. 655, 77 Pac. 1082, it was intimated that the community rights of the wife attached at even an earlier date. We are not called upon to retrace our steps at this time, but we are satisfied that we can advance no further without coming in conflict with the paramount laws of the United States and the decisions of the Federal supreme court.    Under no proper construction of the laws of the United States and of this state, can the respondent be held to have any interest in the property in controversy, under the facts disclosed in the record before us.

The judgment is therefore reversed, with directions to dismiss the action.

MOUNT, C. J., HADLEY, FULLERTON, CROW, ROOT, and DUNBAR, JJ., concur.