# STADIN v. GARFIELD.

PUBLIC LANDS; MANDAMUS.

1. U. S. Rev. Stat. sec. 2292, U. S. Comp. Stat. 1901, p. 1394, gives the fee of the land under a homestead entry to the minor children of a deceased entryman only when there are no other heirs; so that, where one of several children of a deceased entryman is an adult, the other children, although minors, will not be entitled to a patent. ·

2. *Quære,* whether the supreme court of the District of Columbia has jurisdiction to entertain a petition for the writ of mandamus to compel the Secretary of the Interior and the Commissioner of the General Land Office to issue a patent for public land to the petitioners, where the title to the land in question has not passed from the United States.

No. 1939. Submitted October 7, 1908. Decided November 4, 1908.

HEARING on an appeal by the petitioners from an order of the Supreme Court of the District of Columbia overruling their demurrer to the answer of the respondents to a petition for the writ of mandamus, and, the petitioners having elected to stand on their demurrer, discharging the rule on the respondents to show cause why the petition should not be granted and dismissing the petition.     *Affirmed.*

The COURT in the opinion stated the facts as follows:

This suit arose in the supreme court of the District of Columbia upon a petition of appellants, Sylvia Maria Stadin and

Nels Gerhard Stadin, for a writ of mandamus directed to the appellees, James Rudolph Garfield, and Fred C. Dennett, defendants below, as Secretary of the Interior and Commissioner of the General Land Office of the United States, respectively, directing them to issue a patent to the appellants for certain lands hereafter described. It appears that on November 22, 1898, one Maria G. Stjornstrom made an original homestead entry at the United States Land Office at Oregon City, Oregon, for a tract of unappropriated public land situated in that State, containing 160 acres. On July 9, 1900, Maria G. Stjornstrom died, leaving three children, one of whom, a son, was over twenty-one years of age, and the other two, the appellants, were minors. Neither the entry-woman nor anyone legally representing her ever lived upon or cultivated the land. On January 10, 1906, one Albert M. Smith initiated in the Land Department a contest proceeding against said entry, alleging the death of Maria G. Stjornstrom, her failure to comply with the law during her lifetime, the failure of the heirs to make such compliance, and that final proof had not been submitted within the time required by law. On hearing, after due notice to the heirs, a decision was rendered by the local land officers, adjudging the entry forfeited and recommending its cancelation. Its judgment was affirmed by the Commissioner of the General Land Office, and, upon appeal, by the Secretary of the Interior. On February 14, 1908, Smith, the contestant in the proceedings had before the Land Department, was permitted, under his preferred right as the successful contestant, to purchase the land here involved, under the act of Congress of June 3, 1878 (20 Stat. at L. 89, chap. 151, U. S. Comp. Stat. 1901, p. 1545) and acts amendatory thereof. No patent has been issued to Smith. Upon these facts, it is claimed by the appellants that, upon the death of the mother, the right in fee to the land in question passed to, and vested in, the appellants as the minor children of the deceased entry-woman.

In the court below, respondents duly answered the petition of appellants, petitioners below, and set up the facts substantially as above recited. Counsel for petitioners demurred to the an-

swer.   The demurrer was overruled, and, counsel electing to stand upon his demurrer, the court entered judgment for the respondents, from which judgment this appeal is prosecuted.

*Mr. Webster Ballinger* and *Mr. Walter L. Furbershaw* for the appellants.

*Mr. George W. Woodruff,* Assistant Attorney General, *Mr. Daniel W. Baker,* United States Attorney for the District of Columbia, *Mr. Stuart McNamara,* Assistant United States Attorney, and *Mr. F. W. Clements,* First Assistant Attorney, Interior Department, for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The provisions of the law relative to the acquiring of title to lands entered under the homestead law, and which are material to the consideration of this case, are as follows:

"Sec. 2291.   No certificate, however, shall be given, or patent issued therefor, until the expiration of five years from the date of such entry; and if at the expiration of such time, or at any time within two years thereafter, the person making such entry; or, if he be dead, his widow; or, in case of her death, his heirs or devisee; or, in case of a widow making such entry, her heirs or devisee, in case of her death, proves by two credible witnesses that he, she, or they have resided upon or cultivated the same for the term of five years immediately succeeding the time of filing the affidavit, and makes affidavit that no part of such land has been alienated, except as provided in section twenty-two hundred and eighty-eight, and that he, she, or they will bear true allegiance to the government of the United States; then, in such case, he, she, or they, if at that time citizens of the United States, shall be entitled to a patent, as in other cases provided by law."   [U. S. Comp. Stat. 1901, p. 1390.]

"Sec. 2292.   In case of the death of both father and mother, leaving an infant child or children under twenty-one years of age, the right and fee shall inure to the benefit of such infant

child or children; and the executor, administrator, or guardian
may, at any time within two years after the death of the surviv-
ing parent, and in accordance with the laws of the state in which
such children, for the time being, have their domicil, sell the
land for the benefit of such infants, but for no other purpose;
and the purchaser shall acquire the absolute title by the pur-
chase, and be entitled to a patent from the United States on the
payment of the office fees and sum of money above specified."

It is admitted that the adult heir of Maria G. Stjornstrom did
not attempt to comply with the law by residing on or cultivating
the land, and that he has lost all his rights in the premises; but
it is contended that the law did not impose upon him the duty
of protecting the rights of the minor heirs, and that the minor
heirs could not lose their rights by any act, or failure to act, of
the adult heir. In other words, it is contended by counsel for
appellants, that the title vested in them immediately upon the
death of the mother, under the provisions of sec. 2292, supra,
and that their rights could not be affected in any way by the
action of the adult heir.

Upon this point, and this alone, the case turned in the court
below. We think there need be no difficulty in sustaining the
judgment there rendered. In the case of *Bernier* v. *Bernier,*
147 U. S. 242, 37 L. ed. 152, 13 Sup. Ct. Rep. 244, the court,
in an elaborate opinion, construed sec. 2292 in connection with
the preceding section, and held that it was only intended to give
the fee to the minor heirs when there were no other heirs. The
language of the court is clear, and will admit of no misunder-
standing. In the opinion the court said: "We are of opinion
that the construction claimed by the complainants is the true one.
Sec. 2291 provides that the certificate and patent, in case of the
death of father and mother, shall, upon the proofs required
being made, be issued to the heirs of the deceased party making
the entry,—a provision which embraces children that are
minors, as well as adults. Sec. 2292, in providing only for
minor heirs, must be construed not as repealing the provisions
of sec. 2291, but as in harmony with them, and as only intended
*to give the fee of the land to the minor children exclusively*

when there are no other heirs. This construction will give effect to both sections; and it is a general rule, without exception, in construing statutes, that effect must be given to all their provisions if such a construction is consistent with the general purposes of the act and the provisions are not necessarily conflicting." Here the appellants, the minor children of Maria G. Stjornstrom, were not the only heirs. There was an heir over twenty-one years of age. Hence the provisions of sec. 2292 cannot, under any circumstances, be applied to this case.

A serious question has been raised as to the jurisdiction of the supreme court of the District of Columbia to entertain an action for a writ of mandamus against the Secretary of the Interior in a case of this kind, where the title to the land in question has not passed from the United States, but still remains in the government. Inasmuch as this question was not considered by the court below, we do not deem it essential to a determination of the case to consider it here.

The judgment is affirmed, with costs, and it is so ordered.

*Affirmed.*