[No. 8046.    Department Two.    December 6, 1909.]

EDITH KRIEG, *Respondent*, v. JAMES HAMILTON LEWIS *et al.,*
*Appellants.*[1]

PUBLIC LANDS—HOMESTEAD—TITLE—WHAT LAW GOVERNS.    While
the laws of the United States control the ownership until title
passes, after the patent to government land is issued, it becomes
subject to state legislation, and the state, in passing the community
property law and providing the rule of descent, is not acting in con-
travention of the laws of the United States.

HUSBAND AND WIFE—COMMUNITY PROPERTY—DESCENT AND DISTRI-
BUTION—PUBLIC LANDS—HOMESTEAD.    A homestead, patent for which
was issued to a married man, is community property, and upon the
subsequent death of the wife, leaving one child, an undivided one-
half interest descends to the child.

Appeal from a judgment of the superior court for San
Juan county, Joiner, J., entered January 6, 1909, upon find-
ings in favor of the plaintiff, in an action for partition and
to quiet title, after a trial before the court without a jury.
Affirmed.

*James B: Howe,* for appellants.

*L. J. Irwin* and *Marion Edwards,* for respondent.

DUNBAR, J.—The material findings of fact, which are not
excepted to, and on which this appeal is based, are briefly as
follows: Martin Phillips and his wife Ellen were married in
the year 1872, and plaintiff, their only child, was born
August 13, 1884. Said Phillips, with his wife, about Janu-
ary 19, 1882, settled and took up his residence on the land
in controversy in this action while the land was a part of
the public domain, for the purpose of making the same their
home and acquiring title thereto under the homestead laws
of the United States, and they continued to reside upon said
lands and cultivated the same until the year 1888. On Jan-

[1]Reported in 105 Pac. 483.

uary 19, 1882, Phillips filed his application to enter said lands as a homestead; complied with the homestead laws of the United States, and on November 9, 1883, commuted his homestead entry by making cash payment, and at the same time made the necessary proof of settlement, residence, and cultivation, and received his final homestead certificate. On June 20, 1884, patent to said lands from the United States was issued to said Phillips under the homestead laws. On February 24, 1888, while Phillips and his wife were still residing upon said lands, the said Ellen Phillips died intestate, leaving surviving her her said husband, Martin Phillips, and her child, Edith Phillips, plaintiff in this action, but no other child or descendant of any other child. Thereafter the said Martin Phillips married his second wife, Susan Phillips, and on the 15th day of May, 1890, said Martin Phillips and Susan Phillips, by deed of conveyance, dated and acknowledged May 15, 1890, conveyed to the defendant James Hamilton Lewis the lands in controversy in this action. The said James Hamilton Lewis has since married the defendant Rose L. Lewis.

Upon these facts, the court found, as conclusions of law, that the plaintiff Edith Phillips was entitled to a decree declaring that she was the owner of an undivided one-half interest in the above described land, subject to the lien in favor of the defendant James Hamilton Lewis for one-half of the amount of taxes which he had theretofore paid, with interest thereon, and that plaintiff is entitled to have said lands partitioned and her share thereof set off and allotted to her in severalty, subject to the lien of said James Hamilton Lewis for said taxes and interest aforesaid. The defendants excepted to the conclusions of law, and appealed from the judgment rendered.

It is contended by the appellants that the error of the superior court consisted in assuming that the title, conveyed by the patent of the United States to the father of the respondent, depended upon the laws of the state of Washing-

ton instead of upon the laws of the United States. If such construction as this were placed upon the laws by the superior court, it was evidently a wrong construction. But such is not the case, nor was this the question at issue. It was decided in *McCune v. Essig*, 199 U. S. 382, 26 Sup. Ct. 78, 50 L. Ed. 237, which case is relied upon by appellants, that the interest which arises in an entryman by his entry, who can fulfill the conditions of settlement and proof in case of his death, and to whom the title passes, depended upon the laws of the United States and not upon the state laws. But it was also decided in that case, sustaining the doctrine announced in *Wilcox v. Jackson*, 13 Pet. 498, 10 L. Ed. 264, that whenever the question is whether title to land which had been the property of the United States had passed, that question must be resolved by the laws of the United States; but that, whenever according to those laws the title shall have passed, then, like all other property, it is subject to state legislation. In that case the plaintiff was the daughter of a deceased homestead settler, who died shortly after the homestead entry and long before the time elapsed for final proof and before final proof or issuance of patent, the claim in that case being that the patent related back to the homestead filing, and the doctrine of relation was denied by the supreme court in that case.

But the other doctrine is just as firmly announced, viz., that, when the title shall have passed under the laws of the United States, it is then subject to state legislation. In that case it will be noticed that there was no community in existence at the time the proof was made and patent issued, for the community had been dissolved by the death of one of the spouses. But in this case, by virtue of the laws of the United States, title passed while the community was in existence. The United States had no further concern in relation to the title of the property after it had established it in the person to whom it was entitled under the laws of the United States, and when that was done the laws of the state operated upon

the property, and the legislature was not in any way acting in contravention of the laws of the United States when it undertook to regulate it and determine its ownership.

The cases from this court cited by the appellants, viz: *Hall v. Hall*, 41 Wash. 186, 83 Pac. 108, 111 Am. St. 1016, and *Cunningham v. Krutz*, 41 Wash. 190, 83 Pac. 109, 7 L. R. A. (N. S.) 967, simply follow the rule laid down in *McCune v. Essig*, *supra*, and the facts in those cases brought them within the rule there announced, the patent having issued after the dissolution of the community. This question has been gone into at length by the cases just cited, so that it will not be necessary to discuss again the principles there announced.

The judgment will be affirmed.

RUDKIN, C. J., PARKER, MOUNT, and CROW, JJ., concur.