[No. 8292.   Department One.   December 17, 1909.]

## CHARLES L. WINGARD, *Appellant*, v. LUELLA WINGARD, *Respondent*.[1]

HUSBAND AND WIFE—COMMUNITY PROPERTY—ACQUISITION AFTER DIVORCE. Land settled upon by a husband and wife who were trespassers and without claim of right or title or any equity, is not their community property by reason of pending negotiations for its purchase and improvements placed thereon by them; and where, after a decree of divorce which did not mention the property, the land was purchased by the husband, who had remained in possession, the same is his separate property, notwithstanding the purchase was made on the terms of the negotiations pending before divorce, and notwithstanding that, in an ejectment suit, the husband by his answer had made a claim of right antedating the divorce decree.

SAME — ESTOPPEL — ADMISSION IN PLEADING — PARTIES AFFECTED. The wife, having no equity, could not avail herself of any admissions by the husband in the ejectment suit.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered July 15, 1909, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action to quiet title. Reversed.

*Herbert C. Bryson*, for appellant.

*H. S. Blandford*, for respondent.

CHADWICK, J.—The parties to this action were married in the year 1892, and such relation continued until March 21, 1906.   This suit is brought to recover a half interest in a certain tract of land, alleged to be the property of the parties and acquired during coverture. The evidence shows that, prior to 1898, the mother of respondent was in the occupation of a certain five-acre tract of land near the city of Walla Walla, belonging to the Woodsville Guaranty & Savings Bank, a New Hampshire corporation, and that she had

[1]Reported in 105 Pac. 834.

had some correspondence with the bank with reference to the purchase of the property. In that year she abandoned possession of the land and such rights as she may have had therein, and permitted the Wingards to move onto the property.

In 1901 negotiations were opened by appellant, through an attorney, for the purchase of the land, a price was agreed upon, and a deed executed and sent to the Baker-Boyer National Bank for delivery. The deed was in form a quitclaim, and for that reason was rejected by the appellant. Nothing further was done toward consummating the transaction by either party, although the Wingards continued to occupy the land and had put some considerable improvements thereon. In 1905 respondent left appellant and, after a due season, began an action for divorce in Pierce county, Washington. In her complaint she described certain property which she asserted to be community property. She included the property now in controversy. The suit for divorce was transferred, upon motion of the defendant, appellant here, to Walla Walla county, where it went to trial upon appellant's answer and cross-complaint, respondent thereafter defaulting. In that case the court made a decree awarding the community property, but no mention is made of the tract now sought to be charged. The decree of divorce was entered March 21, 1906, and on June 15, 1906, the Woodsville bank began suit in ejectment against appellant who had remained in possession of the property. Pending this suit, negotiations were resumed between appellant and the attorneys for the bank, which resulted in the payment of the sum then agreed upon as the purchase price, and a dismissal of the suit under a stipulation that the Woodsville bank had no interest and was not then the owner of the land. The trial court found that the property was community property, and decreed a partition.

Appellant contends that the first negotiations for the land having failed, it could not, after the dissolution of the mar-

riage, be impressed with a community character; that the decree in the divorce suit was *res judicata*, and that his purchase was an independent transaction, made in his own behalf and with his own funds which he had borrowed for that purpose. On the other hand, respondent contends, and the court so held, that because the property was more valuable than the price paid, and because the purchase price as finally agreed upon was the same as that first agreed upon, with interest, and considering the residence and improvements made by the parties when living there as husband and wife, the land was in equity subject to partition as community property. Reliance is also put upon allegations in the answer subscribed by appellant in the ejectment suit, in which appellant sets up his interest as accruing at the time of his first negotiations, and also upon the stipulation in which the bank agreed that at the time it had no interest.

The case is submitted on the facts without reference to any authorities to aid us in our solution of the problem, and in the time we have had to devote to this case our own research has been equally unavailing. However, considering the equities of the case, we are forced to disagree with the learned trial judge. Respondent cannot recover, for under the admitted facts in the case, there was no time from the date of the original occupancy until the divorce was granted, or until the ejectment suit was settled, that appellant or respondent, either as a community or acting as individuals, could have maintained an action to compel a conveyance. Their rights rested upon no equities whatever. They were trespassers while there as husband and wife, and thereafter appellant continued in simple trespass of the rights of the bank. Their occupancy was never hostile. The bank was at no time bound in equity to convey to them, or either of them, the land, or any part thereof. When the decree of divorce was signed, it could not operate upon this land, for the reason that neither the husband nor the wife had any interest in it either in law or equity, nor did the court attempt to award it, although its

attention was called thereto by the original complaint in the action.

While there is a dearth of authority to cover this case, it seems to be somewhat analogous to the case of *Hall v. Hall*, 41 Wash. 186, 83 Pac. 108, 111 Am. St. 1016. In that case a husband and wife had settled upon vacant government land. The land had not been surveyed and was not open for filing. They had lived on the land for several years when the wife brought an action for divorce, which was granted. About a year thereafter the husband filed upon the land and, within another year, he proved up and obtained a patent, tacking his residence upon the land prior to the time it was thrown open, so that his title depended upon some of the time that his divorced wife resided with him. Upon the death of the husband, the first wife brought an action asserting a community interest in the land. It was held that the only interest that the decedent (the husband) had in the property, at the time of the divorce, was a right of occupancy coupled with a preference right to enter the land and acquire title thereto after the same was thrown open for settlement; that his right to the land depended upon continued residence and future compliance with the requirements of the homestead laws, and that, therefore, the wife had no equity in the land whatever.

So in this case, the parties had a mere occupancy but without the right of occupancy. Title to the land depended upon a contract and payment, which was not made or consummated until after the divorce proceeding, and then only as a result of the ejectment suit. If the divorced wife would not recover in that case, assuredly there can be no recovery in this. There being no equity in favor of respondent, she cannot avail herself of any admissions in the answer in the ejectment suit. Nor is she benefited by the terms of the stipulation. The one was an allegation with no foundation in fact; the other was made after settlement and in aid of the deed.

For these reasons therefore the judgment of the lower

court is reversed, with instructions to enter a decree as prayed for.

Rudkin, C. J., Gose, Fullerton, and Morris, JJ., concur.