### BUCHSER v. MORSS et al.

(District Court, E. D. Washington, N. D.   April 1, 1912.)

#### No. 1,590.

HUSBAND AND WIFE (§ 252*)—COMMUNITY PROPERTY—LAND ACQUIRED UNDER HOMESTEAD LAW—"PURCHASE."

Under the decisions of the Supreme Court of Washington, land acquired under the homestead laws is acquired by purchase within the meaning of the community property law of the state and is therefore community property, and such rule is not in contravention of any provision of the homestead law.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 895; Dec. Dig. § 252.*

For other definitions, see Words and Phrases, vol. 7, pp. 5853–5857; vol. 8, p. 7775.]

In Equity. Suit by John R. Buchser against John W. Morss, Fred T. Morss, Alfred G. Morss, Annie M. Buchser, Roland H. Buchser, and Hillman A. Buchser. On demurrers to bill. Demurrers sustained.

David Herman, for complainant.
W. W. Zent and John Salisbury, for defendants.

RUDKIN, District Judge. This is a suit in equity to quiet title. It appears from the bill of complaint that the complainant and one Annie Morss intermarried in the state of California in the year 1887; that on the 22d day of June, 1897, the complainant made settlement on the lands in controversey, under the homestead laws of the United States; that his homestead entry was filed for record on the 7th day of September, 1898; final proof made October 22, 1902; letters patent issued December 17, 1903; that the complainant's wife died September

29, 1911; that the defendants are her children and heirs at law, and claim, without right, some title or interest in the lands in controversy, as such children and heirs.

Demurrers have been interposed to the bill of complaint on the grounds: First, that the bill does not state facts sufficient to entitle the complainant to the relief prayed for, or any relief whatever; second, that the complainant has an adequate remedy at law; and, third, that this court is without jurisdiction in the premises.

[1] That land acquired under the homestead laws of the United States is acquired by purchase, within the intent and meaning of the community property laws of the state of Washington, and is therefore community property, has been affirmed and reaffirmed by the Supreme Court of the state. Kromer v. Friday, 10 Wash. 621, 39 Pac. 229, 32 L. R. A. 671; Ahern v. Ahern, 31 Wash. 334, 71 Pac. 1023, 96 Am. St. Rep. 912; Cox v. Tompkinson, 39 Wash. 70, 80 Pac. 1005; Hall v. Hall, 41 Wash. 186, 83 Pac. 108, 111 Am. St. Rep. 1016; Cunningham v. Krutz, 41 Wash. 190, 83 Pac. 109, 7 L. R. A. (N. S.) 967; Krieg v. Lewis, 56 Wash. 196, 105 Pac. 483, 26 L. R. A. (N. S.) 1117.

The complainant frankly concedes that he is foreclosed by the decisions of the state court, but earnestly insists that these decisions fail to give full force and effect to the paramount laws of the United States. In support of this contention he relies largely on such cases as Hall v. Russell, 101 U. S. 503, 25 L. Ed. 829; Bernier v. Bernier, 147 U. S. 242, 13 Sup. Ct. 244, 37 L. Ed. 152; and McCune v. Essig, 199 U. S. 382, 26 Sup. Ct. 78, 50 L. Ed. 237.

In the Hall Case the court held that where a claimant under the Oregon Donation Act died before the completion of his four consecutive years of residence and cultivation, his heirs at law, including his widow, succeeded to his rights, under the provisions of section 8 of the Donation Act, and that they took as grantees from the government, not as heirs of the deceased entryman; or, in the language of the court:

"Their title to the land was to come, not from their deceased ancestors, but from the United States. The title, it is true, was granted to them by reason of the possessory rights of their ancestor, but these were rights which he could not transfer, and which passed to them under the statute without any act of his. On his death his heirs became qualified grantees."

In the Bernier Case it was held that upon the death of an entryman under the homestead law, before perfecting his entry, leaving no widow, the right to complete the proof and acquire the patent passed to all his children equally, under section 2291 of the Revised Statutes (U. S. Comp. St. 1901, p. 1390), and not to the minor children only, under the next succeeding section.

In the McCune Case it was held that, upon the death of the homesteader before final proof, the right to complete the proof and obtain the patent passed to the surviving widow, under the express provisions of the homestead law, and not to his widow and child under the community property laws of the state. The reason upon which these decisions are founded is obvious. Under the donation and homestead laws the land is granted to the entryman upon compliance with certain

conditions subsequent, and, if he should die before a compliance with these conditions, his rights would lapse or die with him, unless Congress provided otherwise. Congress has provided otherwise, and its provisions must necessarily supersede all state laws on the same subject, because the laws of the United States enacted in pursuance of the Constitution are the supreme law of the land. The application of these decisions to the case at bar is not apparent. Congress has placed no limitations or restrictions on titles acquired under the homestead laws, except the single one that lands so acquired shall in no event become liable to the satisfaction of any debt contracted prior to the issuance of patent therefor. Section 2296, Rev. St. (U. S. Comp. St. 1901, p. 1398).

Beyond this prohibition there is nothing in the laws of Congress indicating in the remotest way that lands acquired in the several states under the homestead and other settlement laws should be held by a different tenure or subject to different rules than other lands in private ownership. Congress has never concerned itself with purely local and domestic relations such as the interest a wife shall have. in property acquired by her husband either before or during the existence of the marital relation. The rule so often announced by the state Supreme Court has become a settled rule of property, and many titles depend upon its maintenance. To overrule these cases at this late day would, in the language of the court in Connecticut Mut. Life Ins. Co. v. New York, etc., R. Co., 25 Conn. 265, 65 Am. Dec. 571, "invite a system of litigation more portentous than our jurisprudence has yet known." If these titles are to be disturbed at all it should only be for the most cogent reasons and by a court of last resort.

The demurrers are therefore sustained.