[No. 12507.   Department One.   July 29, 1915.]

FRANK B. CARD, *an Insane Person, by his Guardian, Ivan L. Hyland, Appellant,* v. PETER V. CERINI *et al., Respondents.*[1]

HUSBAND AND WIFE — COMMUNITY PROPERTY — PUBLIC LANDS — HOMESTEAD ENTRY. Lands patented to a married man who made homestead entry while single, are his separate property.

Appeal from a judgment of the superior court for King county, Albertson, J., entered September 10, 1914, upon sustaining demurrers to the complaint, dismissing an action to recover real property.   Affirmed.

*Saunders & Nelson,* for appellant.

*James B. Howe, Peters & Powell,* and *C. H. Winders,* for respondents.

HOLCOMB, J.—Appellant's father, John C. Card, on February 1, 1861, being then unmarried, made actual settlement on the land described in appellant's complaint.   On February 28, 1863, while still single, John C. Card filed his application in the United States land office to enter the land as a homestead.   On November 15, 1866, the entryman married appellant's mother.   On May 14, 1869, the entryman filed his final proofs in the land office and, on May 20, 1872, homestead patent was issued and delivered to the entryman, which was duly recorded in King county, where the land is situate, on January 22, 1875.   In 1880, the mother of appellant and wife of entryman died intestate, leaving surviving her husband and three sons.   Her estate was never probated.   On August 3, 1905, the father and two of his sons joined in a conveyance of the land, with certain exceptions which had been previously either conveyed or condemned, to respondent Cerini.   On September 21, 1905, John C. Card died.   Appellant sought by this action to recover an undivided one-

[1]Reported in 150 Pac. 610.

sixth interest in the lands as heir of the one-third of an alleged community interest therein of his mother. The lower court sustained demurrers to the complaint.

The sole contention of appellant is that, when community is claimed in land patented to either of the spouses under the homestead entry laws of the United States, the date of the patent is the only point in time which can be justly considered by the state courts as controlling the status of the title, for the reason that that is the point in time when the Federal laws finally and fully release the control of the Federal government over the matter of the grant of the lands patented. We are asked to overrule or modify the effect of the decision in the case of *Teynor v. Heible*, 74 Wash. 222, 133 Pac. 1, 46 L. R. A. (N. S.) 1033. The cases of *Wadkins v. Producers Oil Co.*, 227 U. S. 368, and *Buchser v. Buchser*, 231 U. S. 157, are cited and relied on by appellant, to the effect that the supreme court of the United States binds itself by the rule of property decided by the state courts. But this statement is too broad. The supreme court of the United States did, indeed, in the *Buchser* case, announce that:

"By the laws of the state of Washington, in which the property is situated, it became community property unless the statutes of the United States forbid. *Teynor v. Heible*, 74 Wash. 222, 133 Pac. Rep. 1. On that point we follow the Washington decisions."

But this statement is based upon the further premise that there is no conflict of law between the state and the Federal government. If "the statutes of the United States forbid," the state rule of property as construed by the state courts would not control. In the *Buchser* case, the court further say:

"There is no doubt, of course, that until the title is completed, the laws of the United States control. *Wadkins v. Producers Oil Co.*, 227 U. S. 368; *Bernier v. Bernier*, 147 U. S. 242; *Hall v. Russell*, 101 U. S. 503; *Gibson v. Chouteau*, 13 Wall. 92. But when the title has passed then the

land 'like all other property in the state is subject to state legislation.' *Wilcox v. Jackson*, 13 Pet. 498, 517; *Irvine v. Marshall*, 20 How. 558, 664; *McCune v. Essig*, 199 U. S. 382, 390."

In the *Wadkins* case, the Federal supreme court held:

"Under §§ 2291, 2292, Rev. Stat., no rights accrue to the wife of an entryman who dies before the entry is perfected, and nothing passes under the inheritance laws of the state in which the land is situated."

It may be considered that the latter portion, "and nothing passes under the inheritance laws of the state in which the land is situated," is an adoption of the state rule of decision (Louisiana); but the decision of the United States supreme court looked to the provisions of §§ 2291 and 2292, U. S. Rev. Stat., granting rights by the United States to the widow, or the children in the event the wife died, to complete residence and make final proof and receive patent; and it is stated that, prior to the time when the entryman "had fully complied with the provisions of the homestead law, and *submitted proof thereof* to the local land office [italics ours], his right was essentially inchoate and exclusively within the operation of the laws of the United States, and those laws, as we have seen, fully dealt with the subject of who should be the beneficiary of a compliance with them, thereby excluding state laws from that field." We are satisfied with the rule announced in the *Teynor* case, that "in all cases where the marital relation does not exist at the time of the original settlement and entry, and continue until final proof is made, the property should be held to be the separate property of the spouse who finally acquires the patent to the land."

We are further fortified in our position by a consideration of the fact that, to change the rule announced in the *Teynor* case, would be to again vacillate from an established rule, a rule affecting perhaps thousands of titles, and the law should sometime be at rest. If an instant of time must be selected and established to operate upon the title, we can

think of none which will avoid confusion so completely as the one selected. If the instant of delivery of patent should be chosen, as contended for by appellant, there might be cases where an entryman's wife, who bore that relation from entry to final proof, died before the issuance of patent and the entryman married another wife before patent issued. Then the children and heirs of the wife who had assisted the entryman would be deprived of their property most inequitably. The rule we have adopted is the most just and certain of any we can establish under a community system. It is in consonance with the Federal laws and decisions, and should remain fixed.

Judgment affirmed.

Morris, C. J., Main, Mount, and Chadwick, JJ., concur.