I agree that the 160 acres of land acquired by Clemile Doucet under the homestead laws belonged not to him separately, by virtue of the homestead entry and settlement which began before he was married, but to the marital community existing between him and Anna Lejeune Doucet when the patent for the land was issued. It is well settled that land titles acquired by homestead entries are controlled by the laws of the United States until the title in the entryman is complete. It is only when the title has passed from the United States to the individual that "the land like all other property in the state is subject to state legislation." Buchser v. Buchser, 231 U.S. 157, 34 S. Ct. 46, 58 L. Ed. 166. For that reason, I see no doubt about the proposition that article 2402 of the Civil Code, which declares that property acquired by purchase by a married person is community property, does not apply to a land title acquired by homestead entry until the United States government has parted with its title. My opinion, however, is that the *Page 470 
date of the patent, rather than the date of the final certificate, should be deemed the date of the purchase of such land because it is by the issuing of the patent that the United States government parts with its title. McCune v. Essig,199 U.S. 382, 26 S. Ct. 78, 50 L. Ed. 237. The final certificate, in such case, is issued by the register of the local land office in whose jurisdiction the entry is made, and a duplicate copy of the certificate is forwarded by the register to the General Land Office; and then, and not until then, is the patent issued. It is a matter of no importance in this case whether we consider the date of the final certificate or the date of the patent to be the date on which the United States government parted with its title and placed the title beyond the control of the federal laws and subjected it to state legislation. The register's final certificate and the patent both were issued during the marriage of the entryman.
I concur also in the ruling that, even though the widow of Clemile Doucet is not the sole owner of the homestead, but owns only an undivided half interest in it, she is entitled to the homestead exemption allowed by section 1 of article 11 of the Constitution of 1921, to "every head of a family, or person having a * * * person or persons dependent on him or her for support." The reason why the children's joint ownership of a half of the property does not stand in the way of the widow's homestead exemption is that she has the usufruct of the children's share of the property, and her right of occupancy cannot be disturbed by a suit for partition. Inasmuch as the value of the widow's interest in the property exceeds $2,000, it is not exempt from seizure and sale to satisfy her debt, but, in lieu of such exemption, she is entitled to $2,000 out of the proceeds of a sale of her half interest in the property, in preference to the claim of the mortgage creditor. *Page 471 
She is not entitled to any part of the proceeds of a sale of the sixth interest — in the homestead — which belongs to her three sons who are liable jointly and in solido with her for the mortgage debt.
I concur, therefore, in the decree rendered in this case.