## ROBINSON v. PHILLIPS et al.

No. 8388—Opinion Filed Nov. 20, 1917.

(168 Pac. 1005.)

**Public Lands—Entry Under Homestead Law—Proof—Patent.**

Where one makes entry and occupies lands under the United States homestead laws, and dies before the expiration of the time for making final proof for patent on said lands, and leaves a widow, who also dies before the expiration of the time for making final proof and without performing the conditions precedent and making final proof thereof and receiving patent therefor, the heirs of the original entryman, and not the heirs of the widow, are entitled to make final proof of the performance of the conditions precedent, and receive patent for said lands.

(Syllabus by Pryor, C.)

Error from District Court, Kingfisher County; James B. Cullison, Judge.

Action for partition by Franklin Jackson against Joseph Robinson, Henry Phillips, and others. Judgment for plaintiff, and defendant Joseph Robinson brings error. Remanded with directions to modify the judgment.

D. K. Cunningham, for plaintiff in error.

W. A. McCartney and D. W. Lewis, for defendants in error.

Opinion by PRYOR, C. This action was commenced in the district court of Kingfisher county by Franklin Jackson, one of the defendants in error, against the plaintiff in error, Joseph Robinson and Henry Phillips, Amanda Phillips, Spencer Holmes, George W. Smith, Mary Eliza Robinson, and Henry Phillips, as guardian of the person and estate of Mary Eliza Robinson, incompetent, for partition of certain lands situated in said county.

The petition makes substantially the following state of facts: That the plaintiff, Franklin Jackson, and defendants, Mary Eliza Robinson, and Joseph Robinson, are owners in common of the lands in controversy; that in the year 1892 one Thornton Robinson made homestead entry upon said land under the homestead laws of the United States; that shortly thereafter, during the year 1894, the said Thornton Robinson died intestate without having made final proof upon said lands; that he left surviving him his widow, Maria Robinson, who died during the year 1895, without making any final proof upon said lands, and his three children, as his sole and only heirs, Celia Cunningham, before marriage Celia Robinson, Mary Eliza Robinson, and Joseph Robinson; that afterwards final proof was made upon said lands, and patent therefor was issued to the heirs of said Thornton Robinson; that the said heirs, Joseph Robinson, Celia Cunningham, nee Robinson, and Mary Eliza Robinson, by virtue of the final proof and the issuance of the patent, pursuant to the homestead laws of the United States, became owners in fee simple of a one-third undivided interest in said land; that Franklin Jackson was at the time of the commencement of this action owner of the interest of Celia Cunningham, nee Robinson, by purchase; that Spencer Holmes and Amanda Phillips were children of the widow of the deceased, Maria Robinson, by former marriage. Henry Phillips is the husband of Amanda Phillips, and George W. Smith is guardian of Mary Eliza Smith, incompetent, and have no interest in said land.

The answers of defendants were general denials.

The cause was submitted to the court upon depositions and stipulation of facts, and the court found and decreed that Franklin Jackson, Spencer Holmes, Amanda Phillips, and Mary Eliza Robinson were each the owners of an undivided one-fourth interest in said land, and held and decreed that Joseph Robinson, George W. Smith, and Henry Phillips had no interest in said land. The defendant Joseph Robinson prosecutes an appeal from said judgment. The agreed statement of facts and the evidence disclosed by said depositions, being uncontradicted, established conclusively the material allegations of the plaintiff's petition, as briefly set out above.

None of the defendants in error have filed briefs in this cause in opposition to the contentions of the plaintiff in error that said judgment was erroneous and should be reversed.

From the plaintiff in error's brief it is gathered that the question involved in this cause is, Who are entitled to the benefit of a homestead entry made by one who dies before making final proof upon such homestead, and receiving patent therefor? This question has been squarely passed upon by the United States court in the case of Bernier v. Bernier, 147 U. S. 244, 13 Sup. Ct. 244, 37 L. Ed. 152, in which case it was held:

"Land held by one at the time of his death under a homestead entry, will, under U. S. Rev. Stat. § 2291 [U. S. Comp. St. 1916, § 4532], pass equally to all his children, as his heirs, and not to those who are minors to the exclusion of the adults."

The facts in that case are very similar to the facts in the case under consideration In the body of the opinion the following language is used:

"The contention of the complainants is that, under section 2291, the whole premises which the deceased, Edward Bernier, died claiming as his homestead, upon the completion of the proofs required, passed equally to the 10 children, as his heirs. On the other hand, it is insisted by the defendants that under section 2292 [U. S. Comp. St. 1916, § 4543], where the father and mother both died, the fee of the land inured to the minor children to the exclusion of those who had attained their majority, and that they alone were entitled to the certificate and patent. We are of opinion that the construction claimed by the complainants is the true one. Section 2291 provides that the certificate and patent, in case of the

death of father and mother, shall, upon the proofs required being made, be issued to the heirs of the deceased party making the entry, a provision which embraces children that are minors as well as adults."

The trial court must have based its judgment upon the assumption that, when the original entryman died, his widow succeeded to all his rights, and that upon her death before the performing of all the conditions precedent to the completion of title, her heirs, and not his, had preference right to make final proof of claim and have patent issued to them thereby acquiring title to the homestead. The statute gives the wife the preference right, in case of the death of her husband, to comply with all the conditions necessary to the completion of title to the lands entered by her husband, and upon final proof of the performance of the necessary conditions she is entitled to patent of such land, but where she dies without performing the conditions, it is evident that the original entryman's heirs, and not the widow's, are entitled to perform the conditions, make final proof and receive the patent.

It seems to be unquestioned that the heirs of Thornton Robinson at the time of his death were his three children, Joseph Robinson, the plaintiff in error, Mary Eliza Robinson, and Celia Cunningham, nee Robinson. It must be held that under the law and the facts in this case that Celia Cunningham, nee Robinson, Mary Eliza Robinson, and Joseph Robinson are by rights the owners in common of the above-described premises, and that the judgment of the lower court should have been accordingly.

The judgment of the trial court should be remanded with directions to modify said judgment, decreeing Joseph Robinson, Mary Eliza Robinson, and Franklin Jackson, grantee of Celia Cunningham, nee Robinson, to be owners of a one-third interest each in the lands in controversy.

By the Court: It is so ordered.