## LIGHTFOOT et al. v. TEMPLE TERRACES, Inc., et al.

(Circuit Court of Appeals, Fifth Circuit. April 17, 1926.)

No. 4530.

1. **Public lands** ⚖➟35(4)—On death of homesteader before making final proof, widow was entitled to make proof and receive patent in her own name and right (Rev. St. § 2291 [Comp. St. § 4532]).

On death of a homestead entryman before final proof had been made, but after publication of notice of intention to make final proof, his widow was entitled, under Rev. St. § 2291 (Comp. St. § 4532), to make such proof and receive patent in her own name and right.

2. **Public lands** ⚖➟117—That widow made final proof of homestead entry pursuant to notice published by husband before death does not render patent subject to collateral attack.

That a widow made final proof on a homestead entry pursuant to notice published by her husband before his death, if an irregularity, was one within exclusive jurisdiction of the Land Office, and did not render the patent issued to her subject to collateral attack.

Appeal from the District Court of the United States for the Southern District of Florida; Lake Jones, Judge.

Suit in equity by George E. Lightfoot, Jr., and others against the Temple Terraces, Inc. Decree for defendant, and complainants appeal. Affirmed.

Jno. R. Stofer, Leo Stalnaker, and William M. Gober, all of Tampa, Fla., for appellants.

Melville G. Gibbons, of Tampa, Fla., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellants, who are the heirs of George E. Lightfoot,

filed a bill in equity seeking to impress certain property in Hillsborough county, Fla., with a trust in their favor, and for an accounting and recovery of rents and profits. The bill was dismissed on motion of defendants, and from that judgment this appeal is prosecuted.

The material facts, as alleged in the bill and appearing from an exhibit filed, are these: On September 28, 1889, George E. Lightfoot made a homestead entry of the land in question, consisting of about 160 acres, described as the east half of the northeast quarter and east half of the southeast quarter of section 22, in township 28 south, of range 19 east of Tallahassee meridian, in Florida. He moved on the land with his wife and family and resided there for about six years, cultivating about 12 acres, sufficient to entitle him to a patent for the land. On July 23, 1895, he published the required notice that he would make final proof before the clerk of the circuit court of Hillsborough county at Tampa on September 14, 1895. He died on September 10, 1895, before he had made final proof. Four days after his death, on the day fixed in the notice, September 14, 1895, his widow, Siddie Lightfoot, who had resided on the land with him, made final proof, using witnesses named by her husband, of his residence and cultivation, and her residence on the land with him, during the requisite period. Patent was issued to her in her own name December 13, 1902. On March 25, 1904, she conveyed the land by quitclaim deed to S. L. and K. S. Robles, through whom appellees hold title to the land.

[1] It is contended by appellants that the patent unlawfully issued to Siddie Lightfoot; that it should have been issued in the name of her husband; that under the law of Florida she was entitled to only a child's share in the land, and the balance was held in trust for appellants.

We agree with the District Court that this contention is untenable. Under the provisions of R. S. § 2291 (Comp. St. § 4532), which it is unnecessary to set out, on the facts shown by the bill and exhibit, Siddie Lightfoot, as the widow of the entryman, was entitled to make final proof after her husband's death and receive the patent in her own name. When the patent issued, full title to the land thereby vested in her in her own right, and not through her husband. The question is fully discussed, and that conclusion reached, in McCune v. Essig, 199 U. S. 382, 26 S. Ct. 78, 50 L. Ed. 237, which decision is controlling in this case.

[2] The point is made in argument that Siddie Lightfoot, in making her final proof, relied on the notice previously issued by her husband, and her proof was therefore not sufficient to entitle her to receive the patent. If there was any irregularity in the making of the final proof, that was a matter exclusively within the jurisdiction of the Land Office, and the patent is not subject to collateral attack on that account.

If George E. Lightfoot had completed his final proof, and had become entitled to a patent in his own name before his death, although it did not issue until after that event, other questions might have arisen; but we are not concerned with their consideration in this case.

Affirmed.